UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT SCHUTZA,<br><br>                      Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>                      Defendant. | Case No.: 19-CV-990-H(WVG)<br><br>**ORDER FOLLOWING TELEPHONIC DISCOVERY CONFERENCE** |

The Court held a telephonic discovery conference on March 20, 2020 and ordered supplemental briefing, which the parties filed. (Doc. Nos. 20, 22.) At issue is whether Plaintiff should be compelled to produce documents responsive to Defendants' Request for Production of Document No. 12 ("RFP 12"). Upon considering the parties' oral and written arguments, the Court finds in favor of Plaintiff.

## I. BACKGROUND

Plaintiff brought this action under the Americans with Disabilities Act and the Unruh Civil Rights Act alleging (1) he encountered architectural barriers at Defendant's Costco Wholesale Warehouse in Santee, California; and (2) Costco failed to modify policies, practices, and procedures at the Santee warehouse which denied Plaintiff access to Costco's

goods and services (*i.e.*, Plaintiff claims that Costco refused to allow him to use a lowered portion of a transaction counter and instead, required him to use a clipboard).

Costco propounded written discovery on Plaintiff, and Plaintiff responded on February 24, 2020. At issue is Plaintiff's response to Defendant's RFP 12:

> **REQUEST FOR PRODUCTION NO. 12:**
> All documents relating to any oral testimony given by Plaintiff, whether in court or by deposition, in any lawsuit filed by Plaintiff asserting claims under the ADA, the Unruh Civil Rights Act, or the Disabled Persons Act, which identifies the name of the case in which such testimony was given, including any transcripts, notices of deposition, or subpoena.
>
> **RESPONSE TO REQUEST NO. 12:**
> Objection: Outside the scope of relevant discovery. Further, this request is patently overbroad and irrelevant. Plaintiff's prior lawsuits have nothing to do with his encounter with barriers to access at the Subject Property. Additionally, this information is equally available to defendants through the public domain. Notwithstanding, Plaintiff will produce a case list of lawsuits based on the ADA, the Unruh Act, or the California Disabled Persons Act in which he was a Plaintiff for 2018 and 2019.

In addition to the above objections, Plaintiff also argues that the RFP is overly burdensome, disproportionate to the needs of the case, and that the information Defendant seeks can more easily and efficiently be obtained by simply taking Plaintiff's deposition. In support of RFP 12's relevance, Defendant argues:

> Plaintiff's prior testimony in other ADA matters is relevant because it is likely to provide background on Plaintiff's disability and how his disability impacts his daily functions. This testimony may in turn serve to limit the amount of discovery needed here, for example during Plaintiff's deposition or of Plaintiff's doctors, or simply better inform Defendant relating to Plaintiff's physical condition and how certain barriers may impact him.
>
> Plaintiff's prior testimony is also relevant because it is likely to provide information on the extent of Plaintiff's knowledge of and familiarity with his rights under the ADA. For example, Plaintiff has filed upwards of 225 ADA lawsuits in the Southern District of California alone. It is probable that certain of those cases related to similar types of barriers as to those alleged here, i.e., alleged features of the restroom that fail to comply with ADAAG. In this case, Plaintiff asserts that he encountered an uninsulated drainpipe in the

2

> Warehouse restroom on multiple occasions; twice during 2018 and twice during May 2019. But, Plaintiff did not complain or file this lawsuit until more than a year after his alleged first encounter with this barrier.
>
> Evidence that Plaintiff encountered the uninsulated drainpipe in 2018, yet waited over a year to raise any complaint, choosing instead to encounter the same barrier multiple times thereafter, raises questions both as to Plaintiff's credibility and his refusal to mitigate damages. . . . A trier of fact could determine based on this evidence that Plaintiff did not encounter an uninsulated drainpipe during 2018. Moreover, this determination could also cause the trier of fact to question Plaintiff's credibility in its entirety and reject his testimony that he ever encountered an uninsulated drainpipe. (The same is true of the clipboard issue as well.)
>
> Moreover, if Plaintiff, knowledgeable of his rights under the ADA, repeatedly encountered this alleged barrier because he sought to increase his potential damages under the Unruh Act, then this conduct also calls into question the reasonableness of his claim and his failure to mitigate his damages. Each of these issues turns to some degree on the extent of Plaintiff's knowledge of his rights under the ADA, evidence which can be gleaned from his prior testimony given as a serial ADA plaintiff.

(Doc. No. 20 at 3-4.)

## II. LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

## III. DISCUSSION

As an initial matter, Defendant has made a plausible case for the relevance of deposition or court transcripts in prior cases involving Plaintiff. However, under Rule 26, relevance is simply the initial hurdle a party seeking discovery must pass. The second hurdle Defendant must clear is proportionality, which Defendant did not address in its

supplemental brief. When considering Rule 26's enumerated factors that bear on proportionality, the balance of factors weighs in Plaintiff's favor.

First, the importance of the issues favors Defendant. Defendant made a plausible case for the importance of Plaintiff's knowledge of his rights under the ADA and how his knowledge and purported inaction after initially encountering ADA violations might impact the scope of this case. Contrary to Plaintiff's characterization of Defendant's position, Defendant is not seeking the transcripts to directly counter Plaintiff's credibility. Rather, Defendant contends the transcripts could show Plaintiff's *knowledge*, which then could bear on his credibility in light of his subsequent action or inaction. Credibility of a plaintiff, of course, is an important issue in any case. This factor favors Defendant.

Second, the amount in controversy in this ADA case is extremely low when compared to many cases filed in federal courts. This factor favors Plaintiff.

Next, relative access to the information favors Plaintiff. Although the information Defendant seeks is contained in deposition or court transcripts that are not accessible to Defendant, that information is nonetheless readily accessible to Defendant by taking Plaintiff's deposition. Since Plaintiff testified based on his personal knowledge at prior depositions or in trial, the information contained in those transcripts will match the information that Plaintiff will provide during a deposition in this case. Thus, although Defendant lacks access to the transcripts, it has access to the source (*i.e.*, Plaintiff himself) of the information in the transcripts. This factor favors nonproduction.

Fourth, the parties' resources are not an issue here; this factor favors neither side.

Fifth, resolving issues of Plaintiff's knowledge and credibility are important, as they could sway the outcome of the case. This factor favors Defendant.

Finally, the Court finds that the burden or expense of the proposed discovery does not outweigh its likely benefit. Here, the most salient reason this factor heavily favors Plaintiff is his availability to sit for deposition in this case and Defendant's ability to question him about the very topics it wishes to discover in the deposition transcripts. Defendant has identified nothing that is solely contained in prior deposition or court

transcripts that cannot be obtained by taking Plaintiff's deposition now, a far less burdensome means of obtaining the information Defendant seeks. If Plaintiff testified about a topic (relevant to this case) in the past, that knowledge remains with him, and he can testify about the topic again in this case. Thus, the Court sees no pressing reason to subject Plaintiff to the tremendous burden and expense of producing past deposition or court transcripts. The burden here would consist of sifting through hundreds of past cases those in which Plaintiff was deposed or testified at trial. But even if Plaintiff presently has a list of such cases at his fingertips, he would likely need to redact the deposition or trial transcripts of information that is not responsive to RFP 12 since past depositions or trials ostensibly covered topics specific to the issues in those cases and would not bear on this case.[1] The tedious review and redaction of the transcripts would be overly burdensome given how simple taking Plaintiff's deposition in this case would be. Because the information Defendant seeks is equally available from Plaintiff himself, production of deposition or court transcripts—and the tasks related to such production—presents a high burden for Plaintiff disproportionate to the needs of this case. Accordingly, this factor heavily favors Plaintiff.

## IV. CONCLUSION

The information Defendant seeks appears relevant to the case. However, based on the foregoing balancing of factors, the discovery is not proportional to the needs of this case. Accordingly, Plaintiff need not respond to RFP 12.

**IT IS SO ORDERED.**

DATED: April 10, 2020

Hon. William V. Gallo
United States Magistrate Judge

---

[1] It would not be reasonable to require Plaintiff to produce unredacted transcripts.