Charles A. Valente (SBN 242740)
cvalente@kaplansaunders.com
Heather Kuhn O'Toole
hotoole@kaplansaunders.com
Kaplan Saunders Valente & Beninati, LLP
500 North Dearborn Street | 2nd Floor
Chicago, Illinois 60654
(312) 755-5700
(312) 755-5720 FAX

Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scott Schutza,<br><br>    Plaintiff,<br><br>v.<br><br>Costco Wholesale Corporation, et al.,<br><br>    Defendants. | Case No. 3:19-cv-00990-H-WVG<br><br>**DEFENDANT'S OPPOSITION TO *EX PARTE* MOTION TO EXTEND FEE MOTION CUT-OFF**<br><br>Honorable Dana M. Sabraw |

Plaintiff's counsel contends that it requires additional time for the preparation of its fee petition because it needs to engage an expert to perform an analysis of the prevailing rate for attorney fees in this district. Plaintiff's counsel's request should be denied because the preparation of a fee petition is a routine matter in ADA cases and does not require third-party expert opinion testimony. Moreover, Plaintiff's delay in submitting his fee petition will prejudice Costco, as Costco is subject to a 30-day deadline in determining whether to appeal the decision in this case and the amount of the fees sought will weigh heavily in this determination.

## I. Preparation of a Fee Petition is a Routine Matter and Does Not Require Engagement of an Expert Witness.

The preparation of a fee petition is a routine matter in ADA cases, with which Plaintiff's counsel are very familiar. Plaintiff's counsel's firm, Center for Disability Access, has an extensive practice in ADA cases. Indeed, name partner Russell Handy, has litigated more than 2,000 ADA cases according to his affidavit filed in Arroyo v. Raspados Xpress LA Inc., Central District of California, Case No. 19-CV-07016, Docket No. 44-4. In this case, the trial date was set on March 2, 2021, and Plaintiff's counsel, as experienced ADA litigators, were well-aware that Federal Rule of Civil Procedure 54(d) would require the filing of any fee petition within 14 days of the entry of judgment.

Courts in the Ninth Circuit apply the lodestar method in calculating attorney fee awards, which essentially entails multiplying the number of hours the prevailing party reasonably expended by a reasonable hourly rate. Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996). Plaintiff's counsel asserts that additional time is needed solely to obtain a third-party expert opinion on what constitutes a reasonable hourly rate in this case.[1] A third-party expert opinion is simply not necessary to determine a reasonable hourly rate for Plaintiff's counsel.

---

[1] Although Plaintiff's counsel has acknowledged in a recent proceeding before the Central District of California that its attorneys do "not maintain contemporaneous billing records, and instead recreate[] billing records when the firm seeks an award of attorney fees," Arroyo v. Raspados Xpress LA Inc., 2020 142804, at *9 (C.D.Cal. Aug. 10, 2020), Plaintiff's counsel does not cite the need to recreate its time records as the reason for seeking an extension in this case.

First, given the extensive ADA practice undertaken by the Center for Disability Access, this cannot be the first time that they have had to defend their hourly rates. Nor is there any reason why counsel cannot opine on the reasonableness of their rates. Plaintiff's counsel has not explained how the evidence and submissions that they have used in prior attempts is insufficient here. Although Plaintiff's counsel's declaration in support of his client's *ex parte* motion states that "[i]t has been a considerable amount of time since my firm has litigated a contested fee motion in the Southern District of California," Plaintiff's counsel ignores that they have in fact sought and been awarded attorney fees in this district as recently as June 2020. See Langer, 2020 U.S. Dist. LEXIS 147176, at *12; see also Langer v. Murad Ent. LLC, S.D. Cal. Case No. 20-cv-00034, Docket No. 13 (May 2, 2020 motion by Plaintiff's counsel seeking fees in ADA lawsuit). Moreover, in determining a reasonable hourly rate, courts routinely look to awards given in similar cases. Langer v. Boulous, 2020 U.S. Dist. LEXIS 147176, at **12-13 (S.D. Cal. June 12, 2020). There is no reason that cannot be done here.

Second, Plaintiff's counsel's suggestion that an expert opinion is necessary to determine an appropriate hourly rate ignores that such "expert" opinions have been given little weight by other courts. See Whitaker v. Joe's Jeans Inc., No. 21-cv-00597-CRB, 2021 U.S. Dist. LEXIS 118212, at *11 (N.D. Cal. June 24, 2021) (collecting cases criticizing use of fee expert by Plaintiff's counsel). There is simply no need for such an opinion when the reasonableness of an attorney's hourly rate is based on fees awarded to attorneys with similar experience in similar cases in this district. And, because a reasonable rate is based on what similarly experienced attorneys in similar cases have been allowed, no review of the record in this matter is

necessary to determine the reasonableness of the rates charged by Plaintiff's counsel.[2]

Finally, this Court must reject the suggestion that Plaintiff's counsel does not know what a reasonable rate is to charge here without having a third-party expert survey done. Plaintiff's counsel contends that until the judgment was entered, they had no reason to commission a survey to determine reasonable rates in this district. In doing so, Plaintiff's counsel ignore that they had an ethical obligation to charge a reasonable rate which required that they keep abreast of rates in the community and not overcharge clients. If Plaintiff's counsel failed to do so until July 7, 2021, then that delay is the reason for the sought-after extension here and Plaintiff cannot use it as a basis to seek an extension.

As such, Plaintiff's counsel's requested extension to prepare a routine fee petition is unnecessary and should be denied.

**II. Extending The Time for Plaintiff's Counsel to File Its Fee Petition Will Unduly Prejudice Costco.**

The clock on Costco's deadline to appeal the court's findings in this case began to run upon the entry of judgment. While Costco believes that it has legitimate grounds for an appeal here, the damage award was only $4,000. If that was Costco's sole liability here, it is highly unlikely that Costco would appeal the judgment. This Court has also determined that Plaintiff is entitled to recover reasonable attorney fees. In weighing whether

---

[2] In fact, courts have found that expenditures for so-called fee experts is unnecessary in routine motions for attorney fees and incurs expenses for work that should be performed by counsel. Johnson v. Wayside Prop., Inc., 2014 U.S. Dist. LEXIS 163500, at *23 (E.D. Cal. Nov. 21, 2014).

to appeal, it is important to Costco to know the amount of fees being sought by Plaintiff's counsel.

Any delay by Plaintiff's counsel in filing a motion for fees impacts Costco's ability to assess this case and determine whether an appeal is advisable. If Costco does not appeal the judgment, then it will be subject to an attorney fee award of unknown scope. The likely result of delay is that Costco will (i) incur potentially unnecessary expenses in filing an appeal, and (ii) delay paying the underlying judgment until it knows the scope of the fee request.

\*   \*   \*

In light of the prejudice to Costco from an extension, and the minimal probative value of a third-party expert witness opinion as to the reasonableness of Plaintiff's counsel's hourly rates, this Court should adhere to the requirements of Rule 54(d) of the Federal Rules of Civil Procedure and deny the requested 30-day extension of time.

Dated: July 16, 2021               COSTCO WHOLESALE
                                   CORPORATION

                                   By: /s/ Charles A. Valente
                                   Charles A. Valente
                                   Heather Kuhn O'Toole
                                   Attorneys for Defendant