Exhibit 3

**CENTER FOR DISABILITY ACCESS**
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
8033 Linda Vista Road Suite 200
San Diego California 92111
(858) 375-7385; (888) 422-5191 fax
dennisp@potterhandy.com

Attorneys for Plaintiff Scott Schutza

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT SCHUTZA,<br><br>         Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION a Washington Corporation; and Does 1-10,<br><br>         Defendants. | Case No.: 3:19-cv-00990-DMS-WVG<br><br>Declaration of Expert Gerald G. Knapton in Support of Plaintiff's Motion for Fees and Costs |

I, Gerald G. Knapton, make this declaration in support of the Plaintiff's Motion for Attorneys' Fees and Expenses. I state and declare that the below sets forth the opinions that I have reached at this time in this action.

# BACKGROUND AND EXPERT QUALIFICATIONS

1.      My background, qualifications as an expert on attorneys' fees issues, and relevant experience are fully set forth in **Exhibit 1**.  In brief, I received my undergraduate education at Brown University and the University of California, Berkeley.  I obtained my JD from the School of Law at the University of California, Los Angeles.    I have been licensed to practice before all courts of the State of California since 1977, and before all federal District Courts sitting in California, as well as the United States Courts of Appeals for the 9th and 3rd Circuits.

2.      Since 2002 and today, I am a senior partner and shareholder of the law firm Ropers, Majeski P.C - which has offices in Los Angeles, Costa Mesa, San Jose, Menlo Park, San Francisco, Walnut Creek, and other cities outside California.

3.      For over 44 years, in connection with hundreds of litigation matters, I have opined as an expert on the reasonableness and necessity of attorneys' fees.  My work as an attorneys' fees expert frequently involves reviewing legal invoices and supporting work product and interviewing counsel about the work.  I have litigated matters in San Diego and I have personally reviewed thousands of invoices for legal work, including numerous matters based in San Diego and other places, totaling far in excess of $4.5 billion in fees.  Though I have opined as an attorneys' fees expert in all variety of matters, I have particular experience in cases, like this one, that involves claims of discrimination pursuant to a statutory scheme including the ADA and the Unruh Act.

Declaration of Knapton                    Case: 3:19-cv-00990-DMS-WVG

4.      I have also acted as an attorneys' fees expert for many other kinds of litigation, in both individual, representative and class action disputes in workplace discrimination, overtime cases, commercial disputes, consumer products cases, wage and labor matters, individual and class actions involving statutory interpretation, pharmaceutical cases, patent-infringement suits, intellectual-property matters, environmental-contamination and compliance matters, notice-compliance matters (for "clean water act" and "catalyst" cases), accounting cases, "civil rights" cases, retail-credit compliance litigation, truth-in-lending lawsuits, discrimination lawsuits, Brown Act matters, FEHA matters, FSLA lawsuits, and a wide variety of individual actions. My client base is similarly diverse and expansive.  I have been retained as an attorneys' fees expert by law firms, judges (in bankruptcy matters), corporations, partnerships, insurance companies, cities, counties, trustees, plaintiffs, defendants, and individuals at both the trial and appellate level.  About half the time, I am retained to offer my opinion in support of a fee request; in the other half, I am engaged to offer my opinion in opposition to a fee request.  My time is billed by the hour with no contingency or bonus depending on the outcome.  I do not accept projects if I cannot offer my honest opinion on the matter.

5.      In some cases, I only review hourly rates for "reasonableness" in light of the work performed and comparable market rates.  In other cases, I also review invoices and work product submitted as part of a settlement or a motion for attorneys' fees.  I have performed each type of analysis in hundreds of cases for various clients, and I have reviewed hundreds of motions for attorneys' fees and their supporting

Declaration of Knapton                          Case: 3:19-cv-00990-DMS-WVG

invoices, many based on "attorneys' fee provisions," codes, statutes, or common law doctrines.  Because of this work, I have deep experience and knowledge regarding the "rack rates" and discounted rates charged by small, medium, large, and very large law firms for litigation work in the Greater Los Angeles area.  I have similarly deep experience and knowledge regarding the reasonable amount of time needed to accomplish litigation and trial-related tasks as well as related appeals.  I write and lecture frequently on the issue of determining reasonable legal fees in fee-shifting matters.  My articles have been featured in the American Bar Association Magazine, National Law Journal, California Lawyer, Los Angeles Daily Journal, Law360, and numerous other publications.

6.    I have qualified and testified in person as an attorneys' fees expert on about 60 occasions before juries and judges, and have offered my declarations hundreds of times to federal and California courts evaluating a request for fees under many kinds of fee-shifting mechanisms.

7.    I was retained by counsel for Plaintiff to prepare my expert opinion on the hourly rates, reasonableness and necessity of the legal fees of the law firm for their work in this matter.  I have reviewed the documents mentioned with particular emphasis to all of the PACER documents for this matter the recent opinions by the Southern District on the Real Rate Report and studied the invoice and resulting spreadsheet and have interviewed counsel to help me understand the way they have structured their highly-specialized practice.

Declaration of Knapton                        Case: 3:19-cv-00990-DMS-WVG

# INTRODUCTION AND SUMMARY OF CONCLUSIONS

### I.   The law firms were ADA knowledgeable

8.    This lawsuit against Costco Wholesale by a disabled individual was filed on May 27, 2019. The parties were each represented by specialized counsel with very deep expertise in Americans with Disabilities Act litigation.

9.    The matter did not settle as Costco Wholesale – while perhaps sympathetic to the needs of the disabled and the requirements of both the ADA and the Unruh Act – argued in both motions and at the trial that it **had complied** with the requirements, that Plaintiff lacked standing and credibility such that that no injunction should issue as the April 2018 event was a one-time event that would not be repeated. The availability, location and signage of a suitably-lowered counter was disputed by Costco Wholesale.

10.   The Center for Disability Access/Potter Handy, based in the San Diego area, has represented plaintiffs in thousands of ADA and Unruh Act matters. The firm's principal lawyers for this matter were James R. Boyd, admitted to practice on  6/12/1992,  Russell C. Handy (5/26/1998), Matt Valenti (12/7/2007), Christopher A. Seabock (12/6/2011), Dennis J. Price (12/1/2011), Elliott Charles Montgomery (12/7/2011),  Isabel Rose Masanque (12/3/2013). This firm has a unique manner of staffing matters as I explain below in paragraphs 99 to 105.

11.   Defendant's counsel was Kaplan Saunders Valente & Beninati, based in Chicago. It states on its web site (www.kaplansaunders.com accessed on 7/13/2021): "Our attorneys

Declaration of Knapton                          Case: 3:19-cv-00990-DMS-WVG

have unparalleled experience in venues across the United States advising and defending retailers, other public accommodations, and employers in matters involving disability rights and accessibility under the ADA and similar state and local laws. Kaplan Saunders Valente & Beninati's expertise with issues created by the Americans with Disabilities Act (ADA) is second to none among law firms that defend ADA claims. Since 1991, when the ADA first became law, our attorneys have been at the forefront of novel and cutting-edge issues of the day, including the applicability of the ADA to the Internet. Our work for a wide range of public and private sector clients takes us across the country to assist national retailers and other businesses that are public accommodations and we have obtained precedent-setting judicial opinions while defending disability-based discrimination lawsuits."

12. Mr. Valente is a 1988 admittee in Illinois (2006 in California), a "name partner" of the firm. Ms. O'Toole was admitted to practice in Illinois in 2002 and before this Court *pro hac vice* on 6/16/2021.

## II.    Overview of the litigation

13. The assigned judge changed several times. A discovery conference was held on March 23, 2020, followed by a discovery dispute over plaintiff's past litigation history and producing prior deposition transcripts that was briefed in April. The Court held in favor of Plaintiff, finding that the discovery was not proportional (ECF 23 5:28-20). A mandatory settlement conference was completed on April 29, 2020.

6

Declaration of Knapton                          Case: 3:19-cv-00990-DMS-WVG

14.  The one deposition was of Plaintiff on 5/21/2020. After discovery was completed the parties filed cross-motions for summary judgment on Plaintiff's ADA claim and Unruh Act claim.

15.  Costco Wholesale's motion is 68 pages (ECF 36). Its scope is broad: "Plaintiff cannot raise a triable issue of fact as to: (1) the existence of any architectural barrier at the Costco warehouse which is the subject of Plaintiff's claims; and (2) the lack of any request for a modification of any alleged discriminatory policy, practice, or procedure at the warehouse relating to the use of the accessible portion of the Member Services counter, as claimed by Plaintiff in his Complaint: (ECF 36 at 2:6-11).  The entire 80-page deposition transcript of Mr. Schutza's testimony on May 21, 2020 and the declaration of Assistant General Manager of the Costco Wholesale's Santee warehouse is filed in support of the motion.

16.  Plaintiff filed his motion for summary judgment of 78 pages (ECF 37) on July 24, 2020. He sought:1 ) an Order from the Court requiring Defendants to provide and maintain an accessible membership service counter at the Costco ("Store") located at or about 101 Town Center Pkwy, Santee, California; and; 2) judgment in favor of Plaintiff and against Defendant in the amount of $16,000.

17.  The motion sets forth specifics of his visit to the store and his realization that the counter was too high for him: "Mr. Schutza saw a lowered portion of the counter located at the far end that was being used to serve customers making returns. He knew that this counter was serving customers in line for returns because there was a sign above that end of the counter that said "Merchandise Returns." When it was

Mr. Schutza's turned to be helped, he was greeted by a female employee behind the higher counter. He asked her if it was possible for him to be helped at the lowered portion of the counter and she responded that he could not be helped there. Since the employee told him that he could not be helped at the lowered counter, Mr. Schutza asked her his question from the higher counter. She also gave him a piece of paper to write down some information and he had no choice but to reach up and write on the higher counter. Having to handle his transaction on the higher counter created difficulty and discomfort for Mr. Schutza. Handling his transactions at anywhere between 30 and 36 inches is ideal for him since he is sitting in a wheelchair. As the height of the surface is raised, he experiences an increase in difficulty because he is then forced to handle those transactions at chest level or higher, forcing his arms higher, which is what happened when he had to write on the higher surface during this visit. This experience was discomforting and frustrating". (ECF 37-1 at 2:15 to 3:14).

18.  Plaintiff's motion is supported by his declaration and the part of his medical records from Kaiser Permanente indicating a T5 paraplegia as well as a declaration by Jerome Hernandez an investigator who photographed and measured the height of the involved membership service counter and the merchandise returns counter and its separate entrance door as of July 24, 2020.

19.  In response to Plaintiff's motion, Defendant also raised evidentiary objections to the Declaration of Jerome Hernandez and attached photographs and requested this evidence be stricken. The Court

Declaration of Knapton                    Case: 3:19-cv-00990-DMS-WVG

allowed the evidence and denied both motions on November 11, 2020 (ECF 45).

20.   An amended schedule was set on 12/1/2020 with a jury trial set for 3/15/2021, but it was vacated and the matter was set for a bench trial on that date.

21.   The Court's Pretrial Conference Order is dated February 12, 2021 (ECF 53).  It is expected that Plaintiff will call two witnesses (himself and Mr. Hernandez). Defendant expects to call three witnesses (Mr. Salsa, Ms. Taylor and Ms. Meehan). The case will be tried to the Court without a jury (Item 7) and the trial is expected to last 1-2 days (Item 8).

22.   The Order re: trial is -with attachments- 10 pages (ECF 54) with a briefing schedule and the Court's Civil Pretrial and Trial Procedures.

23.   Both parties file trial briefs on June 17, 2021. Plaintiff's (ECF 65) is 8 pages, setting out the facts, essential elements and has a section on failure to remove architectural barriers, failure to modify practices, the importance of the lack of a lowered membership services counter and what could be "readily achievable" to remove the barrier. Defendant's is 16 pages (ECF 64) characterizing Plaintiff's testimony as not credible and disputing two issues of the applicable law (architectural feature and failure to modify).

24.   Upon a joint motion to continue, the bench trial was set for 6/28/2021 and was later advanced to 6/21/2021. Trial briefs and witness lists were filed. The matter was tried to the Court on 6/21/2021. Witnesses were Scott Schultza, Frank Salas and Mischelle Taylor (ECF

9

68). Photographs numbered 1 to 12 by Plaintiff were introduced. (ECF 69). Costco Wholesale introduced written interrogatories and a photograph of the lower portion of the membership counter (ECF 70).

25.   The Court's eleven page Finding of Fact and Conclusions of Law (ECF 71) was filed on 7/7/2021 along with the judgment (ECF 72).

26.   Upon this Court's granting the *ex parte* motion for more time to file on 7/19/2021 (ECF 75), I understand that this motion for fees and costs will be filed on 7/26/2021.

### III.   Results at Trial

27.   This ADA/Unruh Act matter was first scheduled for a jury trial but instead became a bench trial that occurred on June 21, 2021. James Boyd (a "29 year" lawyer) appeared on behalf of Plaintiff, and Charles Valente (a "33 year" lawyer) and Heather Kuhn O'Toole (a "19 year" lawyer) appeared at trial on behalf of Defendant. The Court found for Plaintiff on both claims.

28.   Plaintiff prevailed on his Unruh Act claim and for an injunction to remove the architectural barrier of the membership counter and signage. The Court's July 7, 2021 Findings of Fact and Conclusions of Law ("Findings") reads in part: "Plaintiff's Unruh Act claim is wholly derivative of his ADA claim. Thus, because Plaintiff has established Defendant's liability under the ADA for his April 2018 visit to the Store, Defendant is also liable for a violation of the Unruh Act." (Findings page 10, lines 16-18).

29.   Plaintiff also prevailed on his Unruh Act claim and was awarded statutory fees of $4,000: "Plaintiff has established that an

Declaration of Knapton                    Case: 3:19-cv-00990-DMS-WVG

Unruh Act violation occurred in April 2018. Plaintiff does not claim actual damages, but rather seeks the statutory minimum of $4,000.00. (See Compl. ¶¶ 41–42, Prayer for Relief; Pretrial Conference Order ¶ 2.) The Court accordingly awards Plaintiff $4,000.00 in statutory damages for the April 2018 violation." (*Id.* 11:7-11).

30.    Plaintiff now seeks "reasonable attorney's fee, including litigation expenses, and costs" in a fee motion pursuant to § 12205 of the ADA and section 52 of the California Civil Code ("the Unruh Act.").

### IV.   Summary of my Opinions

31.    A total of 101.0 hours of time is shown in the attached MS Excel spreadsheet, Exhibit 2, but 7.7 hours are "no charge" time for administering the matter so the net billable time is 93.3 hours, but of that counsel eliminates 5.1 hours so the request is for 88.2 hours of time.

32.    After considering all of the materials referenced it is my opinion that the reasonable time for both merits and fee is comprised of net of 88.2 billable hours (from a total of 101.0 hours) and a fees lodestar of $41,400.00 in fees plus $1,189.17 in costs.

33.    Of that 88.2 total hours, **77.3 hours** of time is for the merits phase and 10.9 hours are for the fee motion. That is fees of **$36,450.00** for the merits.

34.    The reasonable  time for the fee motion is **10.9 hours** and fees of **$5,950.00**.

Declaration of Knapton                    Case: 3:19-cv-00990-DMS-WVG

35.     Those totals are before any adjustment of time based on the "free rider[1]" issue and the extraordinary efficiency by counsel for Plaintiff.

36.   If the merits lodestar of $36,450.00 is adjusted by 1.2 to 1.3 the adjusted range is $43,740.00 to $47,385.00.

37.     Those adjusted totals plus the fee motion time and fees is a range of $49,690.00 to $53,335.00.

### V.   The Work Done by Groups or Tasks

38.     My Exhibit 2 has 263 lines that shows time from 5/17/2019 through 7/19/2019. Every line is identified as a task and the filtering and summary abilities of MS Excel allow me to label and calculate the time and fees  into 24 task groups for consideration and evaluation. Because there are 77 no charge entries (for 7.7 hours of time) I will show the total hours as well as the net hours or billable time in this table:

| Task | Total Hours | Net Hours | Fees |
| --- | --- | --- | --- |
| Investigation | 2.9 | 2.9 | $1,795.00 |
| Complaint | 1.0 | .9 | $560.00 |
| Answer review | .7 | .7 | $455.00 |
| Site visit and scheduling | 4.4 | 3.0 | $1,235.00 |
| Early Neutral Evaluation | 8.6 | 8.3 | $3,395.00 |
| Case Management Conf. | .9 | .9 | $410.00 |
| Settlement inquiry | .1 | .1 | $40.00 |

---

[1] The ADA legislation does not include funds to have the government enforce the Act so enforcement is left to private counsel.

Declaration of Knapton                    Case: 3:19-cv-00990-DMS-WVG

| Task | Total Hours | Net Hours | Fees |
|------|-------------|-----------|------|
| Joint Discovery Plan | 1.1 | .9 | $495.00 |
| Scheduling Order | .7 | .6 | $275.00 |
| Process/Misc. | 4.6 | 3.5 | $1,570.00 |
| Protective Order | .6 | .6 | $240.00 |
| **Discovery** | 13.5 | 12.5 | $5,290.00 |
| **Deposition (5/21/2020)** | 5.5 | 4.6 | $2,270.00 |
| Expert related | 1.5 | .8 | $360.00 |
| Rule 26 | 1.5 | 1.1 | $555.00 |
| Rule 16 | 2.5 | 2.3 | $1,125.00 |
| **Motions for Summary Judgment** | 12.1 | 11.8 | $5,975.00 |
| Mandatory Settlement Conference (4/29/2020) | 10.5 | 10.1 | $4,310.00 |
| Pre-Trial related | 3.2 | 2.9 | $875.00 |
| Trial Prep. | 4.3 | 4.0 | $1,765.00 |
| Trial brief | 4.4 | 4.4 | $1,105.00 |
| Trial (6/21/2021) | 5.0 | 5.0 | $2,750.00 |
| FFCL/Judgment review | .5 | .5 | $225.00 |
| Fees Motion | 10.9 | 10.9 | $5,950.00 |
| Totals    → | 101.0 | **93.3** | **$43,025.00** |

39.   The 101.0 total includes the 7.7 hours of "no charge" time. 101.0 less 7.7 is net 93.3 hours,  and is before the further "billing judgment" adjustment of 5.1 hours of time to reach 88.2 hours (77.3 net

hours for merits and 10.9 hours for the fee motion) by eliminating all time by five attorneys: Ms. Grace, Ms. Gunderson, Mr. Ballister, Mr. Montgomery and Ms. Vento whose time is shown in the spreadsheet and is included in the above table.

## THE PROCESS TO BE FOLLOWED

40.     It is my understanding that the Court performs a two-step process to determine the reasonableness of any fee award. First the Court calculates a "lodestar figure" by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. Then, if appropriate, the Court adjusts the lodestar amount based on twelve factors known in the Ninth Circuit as the "*Kerr* factors" taking care to avoid using any factor more than once.  That is, if a factor has been used to determine the rates, it should not be used again to adjust the lodestar.

## AMERICANS WITH DISABILITIES ACT ISSUES

41.     Access under Title III of the ADA is predicated upon requirements to provide access to existing public accommodations, new construction and alterations to existing buildings. Those requirements in existing public accommodations turn on whether the removal of architectural barriers is "readily achievable" defined to mean easily accomplishable and able to be carried out without much difficulty or expense. In September 2020 the Ninth Circuit held that it was plaintiff's initial burden to plausibly show by competent testimony the approximate cost of  removing the barriers for a showing that the approximate cost for the needed changes does not exceed the benefits under the particular circumstances. Defendants can oppose the estimates and offer their own.

Declaration of Knapton                    Case: 3:19-cv-00990-DMS-WVG

42.    In addition there is a plethora of federal regulations, Department of Justice advisory opinions, interpretive manuals and case law that is argued by both plaintiffs and defendants as to what constitutes architectural barriers and the extent of the remedial measures necessary, if any, to remove the architectural barrier. Furthermore, there is the overlaying application of Title 24 of the California Code of Regulations requirements to public accommodations which were constructed or altered after 1982, and the American National Standards Institute (ANSI) between 1970 and 1982.

43.    Because the Center for Disability Access and Potter Handy has handled thousands of these matters it makes it all look very easy but in my opinion that is not a fair assessment of the difficulty of the ADA law itself, but rather an acknowledgement of the mastery of the procedural and substantive aspects of ADA and Unruh Act law by the lawyers at the Center for Disability Access and Potter Handy.

44.    Another element to consider is the fate of many other ADA claims (without Unruh Act claims) pursued by the Center for Disability Access that are rendered moot by compliance and dismissed as the "catalyst theory" is now no longer viable in federal court applying federal law (unless a state law claim such as the Unruh Act is also involved, as is the case here).

45.    The typical dispositive order reads: "Defendants' Motion for Summary Judgment is GRANTED. Plaintiff's ADA claim is denied as moot, and his Unruh Act claim is dismissed without prejudice for lack of jurisdiction." I have seen this result in these 23 cases I reviewed

Declaration of Knapton                              Case: 3:19-cv-00990-DMS-WVG

where the Center for Disability Access / Potter Handy represented the plaintiff:

1. Garvia v. Hovik Khatchaturian 2:20-cv-09735-SB-SK
2. Whitaker v. JAC Equity, LLC 2:19-cv-09931-GW-MRW
3. Whitaker v. Los Angeles United Investment Co., LLC 2:20-cv-07055-MCS-PVS
4. Garcia v. Joy SM 2:20-cv-02475-JFW-MAA
5. Carillo v. Pearce 2:19-cv-5090-SK
6. Marquez v. Anil G. Patel 8:20-cv-01123-CJC-DFM
7. Sherfield v. Garfield Beach CVS, L.L.C. 2:19-cv-10984-MCS-MAA
8. Estrada v. Smart & Final Stores LLC (9850 South Laurel St.) 2:20-cv-05401-JFW-MRW
9. Fernandez v. Hekmatravan 2:19-cv-02156-CJC-GJS
10. Whitaker v. Park Green Properties, L.P. (2:19-CV-07406)
11. Fernandez v. Home Depot U.S.A., Inc.(2:19-CV-07184-JFW-E)(7121 Firestone Blvd)
12. Langer v. Pico Roberston Ventures 2:19-cv-05250-JFW-MRW
13. Langer v. Balsamo Income Properties, LLC   2:19-cv-07143-DSF-SS
14. Scherer v. Angel Management, LLC 2:19-CV-06044-GW-E (7217 Balboa Blvd, Van Nuys CA 91406)
15. Whitaker v. Blumenthal 2:19-cv-05637-SVW-AGR
16. Whitaker v. Tiffany Maher (2:19-CV-02154-CJC-GJS) (1815 Hawthorne Blvd)
17. Uriarte-Limon v. ARLA LLC  2:19-cv-01279-CJC-PLA
18. Madriz v. Oxnard Vagabond Inn, LLC 5:18-cv-019-JGB-KK
19. Langer v. George S. Stern 2:19-cv-02151-AB-JEM

Declaration of Knapton                    Case: 3:19-cv-00990-DMS-WVG

20. Love v. Monalinda N. Verlengia (5:18-CV-00615) (108 S. Palm Canyon Dr)
21. Love v. Walter W. Carnwright 5:18-cv-00190-RSWL-SP
22. Elguezabal v. GBG Properties Two LLC II(1410 W Foothill Blvd Rialto)  5:18-cv-01242-AB-KK
23. Lopez v. 1769 N. Highland, LLC - (2:19-cv-10765-DMG-GJS)

46. Surely it is a desirable result that businesses come into compliance with the ADA but the unreimbursed cost of forcing this compliance by what are essentially "free riders[2]" is a factor that should be considered much as one would consider the delay in payment and the non-payment risk in contingency fee  matters when considering the total fee to be awarded.

47. That "free rider"  risk, plus the extreme efficiency shown by submitting only 77.3 hours for the merits portion and 10.9 hours for the fees motion, a total of 88.2 "billable" hours for this entire matter are worth considering for an enhancement/multiplier under the *Kerr* factors.

## SCOTT SCHUTZA'S CLAIMS

48. The Findings by the Court provided this information: Mr. Schutza (the Plaintiff in this matter)  has a T-5 complete spinal cord injury and cannot walk; he uses a wheelchair for mobility. He is a member of Costco Wholesale and the Santee store is the one he frequents most.  In April of 2018 he visited the store and wanted to discuss his membership information.

---

[2] The state and federal governments get the benefits without cost to them as the unbillable time is borne solely by the plaintiffs' counsel.

Declaration of Knapton                    Case: 3:19-cv-00990-DMS-WVG

49.  The Store has a service counter for membership services. On the wall behind this counter is a sign which reads "MEMBERSHIP." (Pl.'s Ex. 4.) The main portion of the counter, located in front of the sign, is too high for Plaintiff to use comfortably. (Schutza Trial Test. 5, 6–7.)

50.  As the Court previously found, there is no genuine dispute that this raised counter is over 36 inches high and therefore does not comply with ADA counter height requirements. (ECF No. 45 at 8.) Attached to this counter is a lowered counter, situated perpendicular to the raised portion. (Pl.'s Ex. 8; Schutza Trial Test. 4–5.)

51.  The parties stipulate that this lowered counter complies with the ADA's requirements for counter height. Hanging above the lowered counter is a sign reading "MERCHANDISE RETURNS." (Pl.'s Ex. 8.) There are separate lines for the lowered counter and the raised counter. (Schutza Trial Test. 6; Pl.'s Ex. 6.) The entry point to the line for the lowered counter is through an external door bearing a sign that reads "MERCHANDISE RETURNS." (Schutza Trial Test. 6; Pl.'s Ex. 5.)

52.  Plaintiff approached the raised service counter and asked a Store employee if he could use the lowered counter. (Schutza Trial Test. 7.) The employee responded "No, I am sorry, you can't." (Schutza Trial Test. 7.) Plaintiff had to use the raised counter, which he found uncomfortable and embarrassing. (Schutza Trial Test. 7.)

53.  The Court credits Plaintiff's testimony with respect to this visit in its entirety." (Findings 2:9 to 3:3.)

Declaration of Knapton                    Case: 3:19-cv-00990-DMS-WVG

# THE EVENTS OF THE LAWSUIT

54.   Plaintiff filed suit in this Court on May 27, 2019 (PACER ECF 1). Defendant Costco Wholesale Corporation filed its answer on June 28, 2019 (ECF 3).

55.   A "Pre-ENE" was held on August 15, 2019 (ECF 8). The Early Neutral Evaluation was held before Magistrate Judge William V. Gallo that did not resolve the case (ECF10). The Order following the ENE set the Rule 26(f) conference to be completed by 10/3/2019. Discovery plan is to be lodged with Magistrate Judge Gallo by 10/17/2019. Case Management Conference set for 10/24/2019 08:00 AM before Magistrate Judge William V. Gallo.

56.   A joint motion to continue the CMC was filed on October 18, 2019 and granted to October 23, 2019. The CMC was held then and the scheduling order was set: Any motion to join other parties, to amend the pleadings, or to file additional pleadings must be filed by 12/20/2019. All other pretrial motions must be filed by 7/24/2020. Mandatory Settlement Conference set for 4/29/2020 09:00 AM before Magistrate Judge William V. Gallo. Memorandum of Contentions of Fact and Law due by 10/12/2020. Proposed Pretrial Order due by 11/2/2020. Final Pretrial Conference set for 11/9/2020 10:30 AM before Judge Marilyn L. Huff. (ECF 15).

57.     The Discovery Conference was set for March 20, 20210 and then rescheduled for March 23, 2020. A discovery dispute arose and was briefed by Costco Wholesale on March 30, 2020 (ECF 20) and by Plaintiff Schutza on April 3, 2020 (ECF 22).

58.    MSC was set for April 29, 2020 and the joint motion to continue was denied.

59.    On July 24, 2020 both Plaintiff (by ECF 37) and Defendant Costco Wholesale (by ECF 36) filed motions for summary judgment.

60.    Judge Marilyn Huff recused herself (ECF 41) on August 24, 2021 and the matter was reassigned to Judge M. James Lorenz, and when he also recused himself, to Chief Judge Dana M. Sabraw on August 25, 2020 (ECF 44).

61.    The hearing was set for the cross-motions on August 31, 2020 (ECF 38) continued to later date.

62.    Reply Memoranda were filed on August 24, 2020.

63.    The Court denied both motions (ECF 45) on November 9, 2020.

64.    An amended scheduling order (ECF 46) filed December 1, 2020 provided this schedule: Memorandum of Contentions of Fact and Law due by 1/11/2021. Proposed Pretrial Order due by 2/1/2021. Final Pretrial Conference set for 2/12/2021 10:30 AM before Judge Dana M. Sabraw. Jury Trial set for 3/15/2021 09:00 AM before Judge Dana M. Sabraw. Mandatory Settlement Conference set for 12/28/2020 09:00 AM before Magistrate Judge William V. Gallo.

65.    Each side filed a proposed Memorandum of Fact and Contentions of Law on January 11, 2021. Plaintiff's (ECF 50). Costco Wholesale's (ECF 48).

66.    The Pre-trial conference was held on February 12, 2021 vacating the jury trial and setting the bench trial for March 15, 2021. A joint motion to continue the trial was filed March 2, 2021 and granted

Declaration of Knapton                    Case: 3:19-cv-00990-DMS-WVG

1    setting the bench trial to June 21, 2021. It was then continued to June 28,

2    2021 and then re-set for June 21, 2021.

3        67.    On June 17, 2021 trial briefs were filed by Plaintiff (ECF

4    65) and Costco Wholesale (ECF 54).

5        68.    The bench trial was held on June 21, 2021 when the matter

6    was taken under submission.

7        69.    Plaintiff's witness list (ECF 69)

8        70.    Costco Wholesale's witness list (ECF 68)

9

10       71.    Findings of Fact and Conclusions of Law were filed by the

11   Court on July 7, 2021 (ECF 71).

12       72.    Clerk's judgment was filed on July 7, 2021 (ECF 72).

13       73.    The motion for fees and costs will be filed by Plaintiff on or

14   before July 26, 2021.

15

16   **TIME AND RATES SUBMITTED FOR THE**

17   **LEGAL WORK**

18       74.    The time submitted for the merits is 77.3 hours and 10.9

19   hours for the fee motion through 7/26/2021 by a total of fourteen

20   attorneys and some clerical staff. There are 77 "no charge" entries

21   comprising 7.7 hours of time by attorneys to direct the staff. All 5.1

22   hours of time by five attorneys is eliminated by billing judgment so time

23   for time by nine attorneys is requested.

24

25       75.    The total time is 101.0 hours but the net time  is 93.3 hours.

26   I understand that only 88.2 hours is sought in an exercise of billing

27   judgment by counsel as 77.3 hours of time for the merits and 10.9 hours

28   for the fee motion is sought.

Declaration of Knapton                Case: 3:19-cv-00990-DMS-WVG

76.    The requested hourly rates for counsel run from $400 to $650 per hour. The 6.4 hours of time by the clerks is submitted at $100 per hour. There are 77 "no charge" entries that comprise 7.7 hours. The average rate for all time is $469.39 per hour.

77.    Here from Exhibit 2 is a table with only the timekeepers for whom time is sought showing their rates, time (including the 7.7 hour of "no charge" time but showing net fees), total net fees and the dates of work:

| Name | Rates | Hours | Net Fees | Work Dates |
|---|---|---|---|---|
| James R. Boyd | $550 | 7.4 | $3,850.00 | 1.18.21 to 6.21.21 |
| Russell Handy | $650 | 7.6 | $4,095.00 | 5.17.19 to 12.26.20 |
| Isabel Masanque | $500 | 20.8 | $10,050.00 | 4.27.20 to 8.24.20 |
| Matt Valenti | $400 | 14.3 | $5,400.00 | 7.3.19 to 4.22.20 |
| Brad Smith | $400 | 8.4 | $3,080.00 | 8.21.19 to 12.22.20 |
| Robert Doyle | $450 | 4.4 | $1,845.00 | 10.9.19 to 2.11.20 |
| Dennis Price | $550 | 11.9 | $6,435.00 | 9.19.19 to 7.19.21 |
| Chris Seabock | $450 | 12.6 | $5,365.00 | 1.11.21 to 7.15.21 |
| Lusine Chinkezian | $450 | 2.1 | $640.00 | 2.5.20 to 2.24.20 |
| Clerical staff | $100 | 6.4 | $640.00 | 12.4.20 to 7.16.21 |
| | | 95.9 | $41,400.00 | 5.17.19 to 7/19/21 |
| No charge entries | | -7.7 | included | |
| Totals    → | $469.39* | 88.2 | $41,400.00 | |
| Sought →    ↘ | *average per hour. | | | Merits 77.3 Hrs. – Fees $36,450.00 |

22

| | | | | Fee Motion 10.9 Hrs. – Fees $5,950.00 |
|---|---|---|---|---|

78.    All the time and fees from the invoice are collected and shown in **Exhibit 2**. The above information was calculated by me using MS Excel's filtering and summary formulas. It includes the 5.1 hours of time that will later be eliminated by counsel in an exercise in billing judgment to reach 88.2 hours.

79.    These costs are shown in Exhibit 3:

| 7/17/2021 | Filing fees | $400.00 |
|---|---|---|
| 7/17/2021 | Investigator fees | $200.00 |
| 7/17/2021 | Service charge | $30.00 |
| 7/16/2021 | Expert fees | $477.30 |
| 7/16/2021 | Trial copies | $55.24 |
| 7/16/2021 | Trial binder shipment | $26.63 |
| Total → | | $1,189.17 |

80.    The background for the timekeepers is set out in Mr. Price's July 26 2021 declaration. A table for the time and market rates and the **lower** requested rates for the attorneys using the Third Quartile rates from the Mid-Year 2020 Real Rate Report, and as corroborated by both my own experience and the three recent opinions from the Southern District referenced at paragraph 87 below is this:

Declaration of Knapton                    Case: 3:19-cv-00990-DMS-WVG

| Name (Admitted) | Hours | RRR p. 76 | Rates Requested |
|---|---|---|---|
| Russell C. Handy (May 1988[3]) 23 years | 7.6 | $720 | $650 |
| James R. Boyd (June 1992) 29 years | 7.4 | $720 | $550 |
| Christopher A. Seabock (Dec 2011) 10 years | 12.6 | $545 | $450 |
| Brad Smith (May 2014) 7 years | 8.4 | $446 | $400 |
| Matt Valenti (Dec 2007) 13 years | 14.3 | $446 | $400 |
| Robert Doyle, Ph.D, J.D. (Oregon 1999) (Oct 2018 CA) 2 years | 4.4 | $545 (p.38) | $450 |
| Dennis J. Price, II (Dec 2011) 10 years | 11.9 | $568 | $550 |
| Isabel R. Masanque (Dec 2013) 8 years | 20.8 | $568 | $500 |
| Lusine Chinkezian (Dec 2017) 3 years | 2.1 | $378 | $450 |

81.    An important issue for me is the hourly rates to be applied for the lodestar. I understand that the standard is the non-contingent rate prevailing in the community for similar work. The community is San Diego and the kind of legal work is litigation in federal court for the

---

[3] Dates are for admission to practice in California shown by California State Bar on-line records as of 7/15/2021.

rights of the disabled pursuant to the ADA and the Unruh Act against businesses that are open to public access.

## THE REAL RATE REPORTS BY WOLTERS KLUWER

82.     Starting in 2010 the TyMetrix/LegalVIEW actual "anonymized" billing data has been assembled and published each year by the Wolters Kluwer ELM Solutions Company.  The data is gathered for the most part from the TyMetrix360° electronic invoicing system. I am attaching the relevant pages 1, 4, 13, 14, 23, 24, 31, 35, 38, 64, 75, 76, 77, 161, 162, 164 and 166 from the most recent Mid-Year 2020 Real Rate Report® (Mid-Year Update) that became available on November 2, 2020 in **Exhibit 4**.

83.     In years past I have used the TyMetrix system for my own invoicing, and I also worked directly with the TyMetrix program managers and engineers on a very large project.  During that project I came to understand exactly how the program worked and the steps that they took to verify the accuracy of their data.  I am now familiar with the way the TyMetrix electronic billing system works, based on a set of rules that must be followed.  The program requires that a set of rules with budgets, staffing and rates be agreed to by the law firm before the system will allow an invoice to be processed.  If there are discounts (which is quite common) those discounts are factored into the budget and rate data shown.  Once the invoices are submitted the program processes the invoice for compliance with the agreed-upon rules and recommends a payment to be made by the client.  **The actual payment data on hourly rates is what is captured by the Real Rate Report**.

Declaration of Knapton                    Case: 3:19-cv-00990-DMS-WVG

84.    The most recent iteration is the "Mid-Year 2020 Real Rate Report" that became available on November 2, 2020.  It is said to be a $140 billion-dollar database.  The data in the 2020 Report is taken from invoices for legal work from July 1, 2017 through June 30, 2020 (*see* Exhibit 4 at 166).

85.    This Report (also at 162) states that "we removed data related to insurance company defense litigation for all analyses unless noted otherwise." The rates cited here are not "insurance defense" rates.

86.    I have reviewed invoices with  hourly rates for ADA and discrimination litigation in the greater San Diego area.  Most of these cases have been for single plaintiff claims but some were for larger multiple individual matters for architectural barriers in the area's stadiums.  The rates I have seen paid have enforced my opinion that the data collected in the Wolters Kluwer Real Rate Reports is realistic.

87.    Recent Southern District rulings have acknowledged the Real Rate Report is helpful (*Kries v. City of San Diego*, 17-cv-1464, 2021 WL 120830, filed January 13, 2021. Hon. Gonzalo P. Curiel, United States District Judge- awarding rates up to $650 per hour in a FSLA matter); (*Eclipse Group v. Taggart*, 15-cv-1411, 2020 WL 5709488, filed September 24, 2020. Hon. Janis L. Sammartino, United States District Judge – awarding rates up to $700 per hour for federal litigation (a breach of quasi-contract, *quantum meruit*, and unjust enrichment matter arising from a settlement of patent infringement cases – see ECF 240 at page 2) in San Diego); (*Aispuro v. Ford Motor Company*, 18-cv-2045, 2020 WL 4582677, filed August 10, 2020. Hon. Dana M. Sabraw, Chief United States District Judge – awarding rates up

Declaration of Knapton                    Case: 3:19-cv-00990-DMS-WVG

to $650 per hour for a "lemon law" matter. Chief Judge Sabraw
commented at page 4: "However, the Real Rate Report is "a much better
reflection of true market rates than self-reported rates."

88.   These courts join many other courts (including the Ninth
Circuit[4]) in concluding that the Real Rate Report is a useful guidepost:
"The Court turns to the Real Rate Report as a "useful guidepost" in
assessing the reasonableness of hourly rates in the Central District.  It is
persuasive and a better reflection of true market rates than self-reported
rates in all practice areas.  Real Rate Report identifies attorney rates by
location, experience, firm size, areas of expertise and industry, as well as
specific practice areas. *Zielke v. Rosenstiel*, 19-702 PSG (EM), 2019
WL 1718681 at *2 (C.D. Cal. Mar. 25, 2019); *Salazar v. Midwest
Servicing Group, Inc.*, 17-0137 PSG (KS), 2018 WL 4802139 at *6–*7
(C.D. Cal. Oct. 2, 2018); *Grant & Eisenhofer, P.A. v. Brown*, No. 17-
5968 PSG (AFM), 2018 WL 4945303 at *2 (C.D. Cal. May 14, 2018);
*Sang Yong v. Torrance Unified School Dist.*, 17-5914 PSG (PLA), 2018
WL 6185986 at *7 (C.D. Cal. Feb. 23, 2018); *Tom v. Com Dev USA,
LLC*, 16-1363 PSG (GJS), 2017 WL 10378629 at *7–*8 (C.D. Cal. Dec.
4, 2017); *Retta v. Millennium Products, Inc.*, Nos.15-1801 PSG (AJW),
16-3780 PSG AJW, 2017 WL 5479637 at *12 (C.D. Cal. Aug. 22,
2017).

89.   ADA litigation is characterized as Employment and Labor
by the Report as explained in its Data Methodology section on page 164
of the Real Rate Report.

---

[4] *Kohler v. Eddie Bauer, LLC*, 792 Fed.Appx. 446 (9th Cir. 2019)

27

Declaration of Knapton                    Case: 3:19-cv-00990-DMS-WVG

# APPLICATION OF REAL RATE REPORT DATA TO THE TIME SUBMITTED IN THIS MATTER

90.  Page 76 of the 2020 Mid-Year Real Rate Report sets forth the rate data for Employment and Labor litigation for time by partners and associates at different experience levels:

## Section III: Practice Area Analysis

**Employment and Labor**
By Years of Experience and Matter Type

| Q2 2020 -- Real Rates for Partners | | n | First Quartile | Median | Third Quartile | Trend Analysis (Mean) | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Years of Experience | Matter Type | | | | | Q2 2020 | Q2 2019 | Q2 2018 |
| Fewer Than 21 Years | Litigation | 254 | $365 | $450 | $568 | $489 | $493 | $483 |
| | Non-Litigation | 344 | $395 | $475 | $601 | $522 | $513 | $492 |
| 21 or More Years | Litigation | 459 | $425 | $542 | $720 | $594 | $597 | $599 |
| | Non-Litigation | 650 | $455 | $570 | $710 | $612 | $612 | $585 |

| Q2 2020 -- Real Rates for Associates | | n | First Quartile | Median | Third Quartile | Trend Analysis (Mean) | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Years of Experience | Matter Type | | | | | Q2 2020 | Q2 2019 | Q2 2018 |
| Fewer Than 3 Years | Litigation | 34 | $252 | $296 | $348 | $319 | $332 | $305 |
| | Non-Litigation | 32 | $285 | $315 | $385 | $335 | $319 | $203 |
| 3 to Fewer Than 7 Years | Litigation | 141 | $290 | $311 | $383 | $340 | $335 | $346 |
| | Non-Litigation | 161 | $295 | $325 | $400 | $362 | $351 | $326 |
| 7 or More Years | Litigation | 231 | $297 | $352 | $446 | $402 | $411 | $422 |
| | Non-Litigation | 285 | $310 | $366 | $453 | $410 | $401 | $401 |

91.  I have used these rates in the table above at paragraph 77 and note that the rates requested are lower than those shown on this page and are in line with the rates awarded by San Diego federal courts for similar kinds of matters as referenced above in paragraph 87.

92.  Page 23 of the Real Rate Report sets out the San Diego rates for partner and associate time for all types of litigation based on 240 examples (the "n" numbers). While the entire page is included in

Declaration of Knapton                    Case: 3:19-cv-00990-DMS-WVG

Exhibit 4, here for ease of reference is a composite snippet from page 23:

## Section I: High-Level Data Cuts
**Cities**

| Q2 2020 -- Real Rates for Partners and Associates | | | | | | Trend Analysis (Mean) | | |
|---|---|---|---|---|---|---|---|---|
| City | Role | n | First Quartile | Median | Third Quartile | Q2 2020 | Q2 2019 | Q2 2018 |
| San Diego CA | Partner | 141 | $260 | $386 | $904 | $561 | $575 | $546 |
| | Associate | 99 | $180 | $257 | $366 | $305 | $302 | $321 |

93.    ADA litigation is classified as "Employment and Labor" in the Report's appendix (Exhibit 4, page 164) and the hourly rates for that type of legal work in San Diego, supported by 46 examples (the "n" numbers), are shown at Exhibit 4, page 76.

94.    Here is a snippet of the relevant parts of page 76 with the range of partner and associate rates for San Diego:

## Section III: Practice Area Analysis
**Employment and Labor**
By City

| Q2 2020 -- Real Rates for Partners and Associates | | | | | | Trend Analysis (Mean) | | |
|---|---|---|---|---|---|---|---|---|
| City | Role | n | First Quartile | Median | Third Quartile | Q2 2020 | Q2 2019 | Q2 2018 |
| San Diego CA | Partner | 25 | $370 | $416 | $506 | $484 | $473 | $471 |
| | Associate | 21 | $289 | $332 | $381 | $357 | $337 | $322 |

95.    Page 35 shows the San Diego rates paid for partner time at two levels of experience: less than 21 years and over 21 years:

## Section I: High-Level Data Cuts
**Cities**
By Years of Experience

| Q2 2020 -- Real Rates for Partners | | | | | | Trend Analysis (Mean) | | |
|---|---|---|---|---|---|---|---|---|
| City | Years of Experience | n | First Quartile | Median | Third Quartile | Q2 2020 | Q2 2019 | Q2 2018 |

---

29

Declaration of Knapton                    Case: 3:19-cv-00990-DMS-WVG

| San Diego CA | Fewer Than 21 Years | 34 | $350 | $431 | $948 | $594 | $528 | $495 |
|---|---|---|---|---|---|---|---|---|
| | 21 or More Years | 81 | $315 | $430 | $986 | $630 | $641 | $630 |

96. Page 38 has the rates for associate time in San Diego in two groups: 3 to 7 years and over 7 years:

## Section I: High-Level Data Cuts

**Cities**
By Years of Experience

| Q2 2020 -- Real Rates for Associates | | | | | | Trend Analysis (Mean) | | |
|---|---|---|---|---|---|---|---|---|
| City | Years of Experience | n | First Quartile | Median | Third Quartile | Q2 2020 | Q2 2019 | Q2 2018 |
| San Diego CA | 3 to Fewer Than 7 Years | 11 | $231 | $290 | $378 | $314 | $324 | $313 |
| | 7 or More Years | 33 | $288 | $365 | $545 | $412 | $419 | $453 |

97. These rates are confirmed by the conclusion of the three resent San Diego cases referenced above in paragraph 82: *Kreis* (up to $650 per hour), *Eclipse* (up to $700 per hour) and *Aispuro* (up to $650 per hour.

98. I note that the rates provided in the Mid-Year 2020 Real Rate Report are for work done in the 36 months from 7/1/2017 through 6/30/2020 (page 162). Many firms raised their rates for work as of January 2021 and the usual increase was 3% to 5%.

99. The *national* Median and Average rates billed for paralegal time on ADA matters is the range shown at page 13:

## Section I: High-Level Data Cuts

**Detailed Practice Areas**
By Matter Type

| Q2 2020 -- Real Rates for Partners, Associates, and Paralegals | | | | | | | Trend Analysis (Mean) | | |
|---|---|---|---|---|---|---|---|---|---|
| Practice Area | Matter Type | Role | n | First Quartile | Median | Third Quartile | Q2 2020 | Q2 2019 | Q2 2018 |
| Employment and Labor: ADA | Litigation | Partner | 22 | $367 | $485 | $560 | $475 | $447 | $408 |
| | | Associate | 31 | $300 | $353 | $392 | $343 | $311 | $282 |
| | | Paralegal | 15 | $173 | $200 | $239 | $210 | $186 | $169 |

30

100. Those rates are for the entire country and San Diego rates are higher than the average national rates.  In my experience the rates for legal work in San Diego are higher than the rates for most other geographical areas covered by the Report. That is borne out by the rates for 34 cities shown on Exhibit 4, pages 74 to 75.

101.   The very efficient use of staffing is also an important factor that in my opinion warrants the use of the Third Quartile rates for time by counsel for Plaintiff.

102.   Pages 13 and 14 of the Real Rate Report show that the ADA subset of Employment and Labor national hourly rate data is *higher* than those for Discrimination, Union Relations and NLRB, and Wages Tips and Overtime kinds of Employment and Labor legal work hourly rates.

103.   In my opinion the Employment and Labor rate data by years of experience on page 76 is the best to use for this matter in that it has data based on years of experiences in Labor and Employment matters. That is $568 for partners with under 21 years of experience and $720 for partners with more than 21 years of experience. Associate rates $348 for under 3 years, 383 for those with 3 to 7 years and $446 for those with more than 7 years of experience., and it is my opinion that it should be adjusted up by 3% to represent mid-2021 rates and be applied to reasonable time.

## THE HOURS OF TIME SUBMITTED

104.   After a voluntary reduction in time sought the 77.3 hours of "merits" time shown is very low for the work done in a case where the cross-motions for summary judgment were opposed and there was a

Declaration of Knapton                    Case: 3:19-cv-00990-DMS-WVG

Southern District pre-trial preparation for a jury trial and a bench trial, yet there are eighteen timekeepers (some of whom do only a very small amount of work) and that is more timekeepers than I usually see for this amount of legal work as shown in the fee motion. When I asked about this I was told that Plaintiff's firm has created a staffing approach in which each attorney is assigned discrete kinds of tasks (drafting, discovery, motions, mediation, trial preparation, trial, post-trial, appeal) and are able to become experienced in narrow aspects of litigation in a short period of time. Counsel have now written off all time by five attorneys.

105.   While the overall number of attorneys that play a role in the development a case might be higher than that seen in some other firms, the total hours spent in litigation, and the total costs, are lower than other staffing strategies. I have interviewed counsel to understand their method of staffing and learned that each attorney is assigned to focus on a particular task at a gain of both efficiency and effectiveness as a result of that specialization.

106.   I was assured that to the extent any duplication of efforts occurs as a result of this staffing method, counsel has exercised billing judgment and those billing entries have not been included in the amount sought for compensation, as anticipated by *Hensley*. Based on my review at no time is an attorney billed for reviewing the work of another, or familiarizing themselves with a file.

107.   While some courts have justified reductions in hours where multiple attorneys worked on the same task without justification, the number of attorneys staffing a case alone is not a proper basis for

Declaration of Knapton                    Case: 3:19-cv-00990-DMS-WVG

reduction in my opinion, especially here where the billing statement has been carefully culled of any entries that may be associated with any inefficiencies that may result from this staffing decision.

108.   The firm has written off 77 entries and 7.7 hours of time for instructing staff in an exercise of billing judgment. It writes off a further 5.1 hours to reach a total of 88.2 hours of time for this matter.

109.   I usually see far more hours to get a case from start through a bench trial. A typical and somewhat efficient case with discovery, cross-motions for summary judgment that go to a bench trial usually has about 350 to about 1,000  hours of time. In my experience over more than forty-four years I have never seen so few hours billed for handling a matter through discovery, cross-motions for summary judgment, federal pre-trial work and a trial to the Court.

110.   Given that this method of staffing seems to allow the work to be done in fewer hours than usual and because of the "free rider" aspect mentioned above at paragraphs 44 to 47 it would be reasonable to enhance the rate or the time.

111.   The usual enhancement I see allowed for a contingency risk is 1.2 to 1.3 times the merits lodestar.

## CONCLUSION

112.   The 88.2 hours of time and fees of $41,400 is reasonable and necessary lodestar for the work performed and as estimated through July 26, 2021, before any enhancement.

113.   The costs of $1,189.17 are reasonable.

Declaration of Knapton                    Case: 3:19-cv-00990-DMS-WVG

1  I declare under penalty of perjury under the laws of the United States of
2  America that the foregoing is true and correct.

3

4          Dated: July 26,  2021

5

6

7          _____

8                    Gerald G. Knapton

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Declaration of Knapton                    Case: 3:19-cv-00990-DMS-WVG

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Work Date | Timekeeper | Work Description | Hours | Rate | Fees | Billable ? | Task |
| 2 | 5/17/2019 | Russell Handy | completed step one on prefiling checklist: (Initial fact gathering. Analyze client's claims, story and/or intake materials) | 0.50 | $650.00 | $325.00 | TRUE | Investigation |
| 3 | 5/17/2019 | Russell Handy | completed step two on prefiling checklist: (Initial assessment of case. Review google satellite images, street view, website and/or yelp, assess the business & site, give investigator instructions on photographs and measurements to obtain, notes to file, etc.) | 0.50 | $650.00 | $325.00 | TRUE | Investigation |
| 4 | 5/21/2019 | Russell Handy | completed step three on prefiling checklist: (Review Investigator report, findings and photos to confirm claims and greenlight complaint drafting or give investigator further instructions) | 0.50 | $650.00 | $325.00 | TRUE | Investigation |
| 5 | 5/21/2019 | Russell Handy | completed step four on prefiling checklist: (Public records research to determine the identity of the responsible parties and to determine if there had been alterations or modifications that would have triggered stricter Title 24 obligations for this property, etc.) | 0.80 | $650.00 | $520.00 | TRUE | Investigation |
| 6 | 5/22/2019 | Russell Handy | completed final step of the prefiling checklist: (Draft complaint and related initial filing docs & prepare interoffice barrier memo and service instructions) | 0.70 | $650.00 | $455.00 | TRUE | Complaint |
| 7 | 5/29/2019 | Russell Handy | reviewed court-issued summons | 0.10 | $650.00 | $65.00 | TRUE | Complaint |
| 8 | 6/5/2019 | Russell Handy | instructed assistant to email a copy of complaint to client | 0.10 | $650.00 | $0.00 | FALSE | Complaint |
| 9 | 7/2/2019 | Russell Handy | reviewed and analyzed answer to the complaint and corporate disclosure statement filed by defendants; updated case notes | 0.70 | $650.00 | $455.00 | TRUE | Answer |
| 10 | 7/3/2019 | Matt Valenti | instructed assistant to file Notice of Appearance of counsel | 0.10 | $400.00 | $0.00 | FALSE | Process |
| 11 | 7/3/2019 | Matt Valenti | drafted notice of appearance of counsel | 0.10 | $400.00 | $0.00 | FALSE | Process |
| 12 | 7/3/2019 | Russell Handy | reviewed notice and order for early neutral evaluation conference | 0.10 | $650.00 | $65.00 | TRUE | ENE |

|  | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 13 | 7/5/2019 | Russell Handy | instructed assistant to email defense counsel re scheduling an in-person, on site meet and confer at the subject premises | 0.10 | $650.00 | $0.00 | FALSE | Site Visit |
| 14 | 7/7/2019 | Russell Handy | instructed assistant to email client re ENE date and schedule | 0.10 | $650.00 | $0.00 | FALSE | ENE |
| 15 | 7/8/2019 | Russell Handy | instructed assistant to send a follow up email to defense counsel re scheduling an in-person, on site meet and confer at the subject premises | 0.10 | $650.00 | $0.00 | FALSE | Site Visit |
| 16 | 7/9/2019 | Russell Handy | instructed assistant to send a follow up email to defense counsel re scheduling an in-person, on site meet and confer at the subject premises | 0.10 | $650.00 | $0.00 | FALSE | Site Visit |
| 17 | 7/10/2019 | Russell Handy | instructed assistant to send a follow up email to defense counsel re scheduling an in-person, on site meet and confer at the subject premises | 0.10 | $650.00 | $0.00 | FALSE | Site Visit |
| 18 | 7/12/2019 | Russell Handy | reviewed defense counsel's email re scheduling an in-person, on site meet and confer at the subject premises | 0.10 | $650.00 | $65.00 | TRUE | Site Visit |
| 19 | 7/12/2019 | Russell Handy | instructed assistant to email defense counsel and confirm the meet and confer date | 0.10 | $650.00 | $0.00 | FALSE | Site Visit |
| 20 | 7/18/2019 | Matt Valenti | emailed defense counsel re scheduling an in-person, on site meet and confer at the subject premises and settlement | 0.10 | $400.00 | $40.00 | TRUE | Site Visit |
| 21 | 7/22/2019 | Matt Valenti | reviewed email from defense counsel re details of violations in the complaint; responded to defense counsel's email | 0.10 | $400.00 | $40.00 | TRUE | Complaint |
| 22 | 7/23/2019 | Matt Valenti | drafted Plaintiff's ENE statement and lodged the same | 0.60 | $400.00 | $240.00 | TRUE | ENE |
| 23 | 7/29/2019 | Matt Valenti | prepared for, travelled to and attended in-person meet and confer at subject premises with defense counsel; discussed case with defense counsel; notes to file | 2.50 | $400.00 | $1,000.00 | TRUE | Site Visit |
| 24 | 7/30/2019 | Matt Valenti | instructed assistant to remind client re ENE date and schedule | 0.10 | $400.00 | $0.00 | FALSE | ENE |
| 25 | 8/8/2019 | Matt Valenti | reviewed defense counsel's email re draft joint ENE statement; emailed defense counsel with joint ENE statement | 0.10 | $400.00 | $40.00 | TRUE | ENE |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 26 | 8/8/2019 | Matt Valenti | exchanged emails with defense counsel re suggested changes in the joint ENE statement and clarifications re violations mentioned in the complaint; made changes to joint ENE statement and lodged the same | 0.20 | $400.00 | $80.00 | TRUE | ENE |
| 27 | 8/8/2019 | Matt Valenti | drafted Joint ENE statement of parties | 0.40 | $400.00 | $160.00 | TRUE | ENE |
| 28 | 8/15/2019 | Matt Valenti | prepared and participated in the pre ENE telephonic status conference | 0.60 | $400.00 | $240.00 | TRUE | ENE |
| 29 | 8/16/2019 | Russell Handy | reviewed minute entry for proceedings re status conference held on 8/15 | 0.10 | $650.00 | $65.00 | TRUE | ENE |
| 30 | 8/19/2019 | Matt Valenti | reviewed email from defense counsel's assistant attaching a draft protective order along with exhibit A for review and comment; forwarded email to colleague | 0.10 | $400.00 | $40.00 | TRUE | Protective Order |
| 31 | 8/21/2019 | Matt Valenti | reviewed email from defense counsel's assistant following up on draft protective order sent by defense counsel; responded to defense counsel's assistant | 0.10 | $400.00 | $40.00 | TRUE | Protective Order |
| 32 | 8/21/2019 | Brad Smith | reviewed draft protective order sent by defense counsel; emailed defense counsel re the same; reviewed defense counsel's response re need for protective order; responded to defense counsel's email | 0.30 | $400.00 | $120.00 | TRUE | Protective Order |
| 33 | 8/22/2019 | Brad Smith | emailed defense counsel re protective order | 0.10 | $400.00 | $40.00 | TRUE | Protective Order |
| 34 | 8/27/2019 | Russell Handy | instructed assistant to file notice of withdrawal of counsel | 0.10 | $650.00 | $0.00 | FALSE | Process |
| 35 | 8/27/2019 | Russell Handy | drafted notice of withdrawal of counsel | 0.10 | $650.00 | $65.00 | TRUE | Process |
| 36 | 9/3/2019 | Matt Valenti | emailed defense counsel re barriers and violations and discussion prior to ENE | 0.10 | $400.00 | $40.00 | TRUE | ENE |
| 37 | 9/6/2019 | Russell Handy | instructed assistant to send reminder to client re upcoming ENE | 0.10 | $650.00 | $0.00 | FALSE | ENE |
| 38 | 9/9/2019 | Matt Valenti | prepared for the ENE | 2.00 | $400.00 | $800.00 | TRUE | ENE |
| 39 | 9/9/2019 | Matt Valenti | travelled to and attended the ENE | 4.00 | $400.00 | $1,600.00 | TRUE | ENE |
| 40 | 9/10/2019 | Russell Handy | reviewed Order Following Early Neutral Evaluation Conference, Setting Rule 26 Compliance And Notice Of Case Management Conference | 0.10 | $650.00 | $65.00 | TRUE | ENE |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 41 | 9/11/2019 | Phyl Grace | instructed assistant to email defense counsel re scheduling Rule 26(f) conference call | 0.10 | $550.00 | $0.00 | FALSE | Rule 26 |
| 42 | 9/13/2019 | Phyl Grace | instructed assistant to follow up with defense counsel re scheduling Rule 26(f) conference call | 0.10 | $550.00 | $0.00 | FALSE | Rule 26 |
| 43 | 9/17/2019 | Phyl Grace | reviewed email from defense counsel re availability for scheduling Rule 26(f) conference call | 0.10 | $550.00 | $55.00 | TRUE | Rule 26 |
| 44 | 9/17/2019 | Phyl Grace | instructed assistant to respond and confirm the date and time of the rule 26 call with defense | 0.10 | $550.00 | $0.00 | FALSE | Rule 26 |
| 45 | 9/19/2019 | Dennis Price | instructed assistant to send the proposed Joint Discovery Plan to defense counsel for review | 0.10 | $550.00 | $0.00 | FALSE | Joint Discovery |
| 46 | 9/19/2019 | Dennis Price | reviewed and approved inputs to joint discovery plan sent by defense counsel; made further revision to the draft | 0.20 | $550.00 | $110.00 | TRUE | Joint Discovery |
| 47 | 9/19/2019 | Phyl Grace | prepared for and conducted rule 26 conference with defense counsel; notes to file and discovery team | 0.50 | $550.00 | $275.00 | TRUE | Rule 26 |
| 48 | 9/19/2019 | Dennis Price | drafted proposed Joint Discovery Plan | 0.60 | $550.00 | $330.00 | TRUE | Joint Discovery |
| 49 | 9/23/2019 | Dennis Price | instructed assistant to file Joint Discovery Plan | 0.10 | $550.00 | $0.00 | FALSE | Joint Discovery |
| 50 | 9/23/2019 | Dennis Price | reviewed email from defense counsel granting permission to file the final version of the Joint Discovery Plan | 0.10 | $550.00 | $55.00 | TRUE | Joint Discovery |
| 51 | 10/9/2019 | Robert Doyle | instructed assistant to serve Plaintiff's Initial Disclosures | 0.10 | $450.00 | $0.00 | FALSE | Rule 26 |
| 52 | 10/9/2019 | Robert Doyle | drafted Plaintiff's Initial Disclosures | 0.30 | $450.00 | $135.00 | TRUE | Rule 26 |
| 53 | 10/15/2019 | Robert Doyle | reviewed defendants Rule 26 Disclosures sent by defense counsel; notes to file | 0.20 | $450.00 | $90.00 | TRUE | Rule 26 |
| 54 | 10/16/2019 | Matt Valenti | reviewed and responded to email from defense counsel re request for rescheduling case management conference | 0.10 | $400.00 | $40.00 | TRUE | CMC |
| 55 | 10/17/2019 | Matt Valenti | reviewed and approved proposed joint motion to move the case management conference sent by defense counsel; emailed defense counsel granting permission to file the same | 0.10 | $400.00 | $40.00 | TRUE | CMC |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 56 | 10/22/2019 | Russell Handy | reviewed minute order granting Motion to Continue Case Management Conference | 0.10 | $650.00 | $65.00 | TRUE | CMC |
| 57 | 10/23/2019 | Matt Valenti | prepared for and attended Case management Conference; notes to file | 0.50 | $400.00 | $200.00 | TRUE | CMC |
| 58 | 10/24/2019 | Russell Handy | reviewed Minute Entry for proceedings: Case Management Conference | 0.10 | $650.00 | $65.00 | TRUE | CMC |
| 59 | 10/29/2019 | Russell Handy | reviewed Scheduling Order Regulating Discovery and Other Pretrial Proceedings | 0.10 | $650.00 | $65.00 | TRUE | Scheduling Order |
| 60 | 10/31/2019 | Robert Doyle | instructed assistant to serve meet and confer letter re insufficient initial disclosures | 0.10 | $450.00 | $0.00 | FALSE | Scheduling Order |
| 61 | 10/31/2019 | Robert Doyle | drafted meet and confer letter re insufficient initial disclosures | 0.20 | $450.00 | $90.00 | TRUE | Scheduling Order |
| 62 | 11/19/2019 | Robert Doyle | instructed assistant to serve set 1 discovery requests | 0.10 | $450.00 | $0.00 | FALSE | Discovery |
| 63 | 11/19/2019 | Robert Doyle | drafted set 1 discovery requests on the defendant | 0.80 | $450.00 | $360.00 | TRUE | Discovery |
| 64 | 12/17/2019 | Robert Doyle | reviewed and responded to email from defense counsel re extension to serve discovery responses | 0.10 | $450.00 | $45.00 | TRUE | Discovery |
| 65 | 12/19/2019 | Robert Doyle | reviewed Defendant's Response to Requests for Admission sent by defense counsel; notes to file | 0.40 | $450.00 | $180.00 | TRUE | Discovery |
| 66 | 1/15/2020 | Robert Doyle | called and left voice message for defense counsel and sent follow up email re supplementing defendant's initial disclosures and pending discovery responses | 0.10 | $450.00 | $45.00 | TRUE | Discovery |
| 67 | 1/16/2020 | Robert Doyle | reviewed and responded to email from defense counsel providing update re status of serving discovery responses | 0.10 | $450.00 | $45.00 | TRUE | Discovery |
| 68 | 1/20/2020 | Sara Gunderson | instructed assistant to contact expert Bishop re availability for site inspection | 0.10 | $450.00 | $0.00 | FALSE | Expert |
| 69 | 1/20/2020 | Sara Gunderson | reviewed case file to evaluate if expert designation is needed; determined that it did | 0.50 | $450.00 | $225.00 | TRUE | Expert |
| 70 | 1/21/2020 | Robert Doyle | emailed defense counsel informing that Defendant's Amended or Supplemental Initial Disclosures are overdue | 0.10 | $450.00 | $45.00 | TRUE | Discovery |
| 71 | 1/21/2020 | Sara Gunderson | instructed assistant to contact defense counsel to coordinate the site inspection with Plaintiff's expert | 0.10 | $450.00 | $0.00 | FALSE | Expert |

|  | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 72 | 1/21/2020 | Robert Doyle | reviewed email from defense counsel's assistant  along with discovery requests propounded by defendant; responded requesting defendant's pending discovery responses and supplemental initial disclosures | 0.10 | $450.00 | $45.00 | TRUE | Discovery |
| 73 | 1/21/2020 | Robert Doyle | reviewed discovery requests propounded by defendant on Plaintiff; notes to file | 0.60 | $450.00 | $270.00 | TRUE | Discovery |
| 74 | 1/22/2020 | Robert Doyle | reviewed  discovery responses (ROG and RFPD) sent by defense counsel's assistant; notes to file | 1.00 | $450.00 | $450.00 | TRUE | Discovery |
| 75 | 1/24/2020 | Sara Gunderson | instructed assistant to follow up with defense counsel re scheduling the site inspection with Plaintiff's expert | 0.10 | $450.00 | $0.00 | FALSE | Expert |
| 76 | 1/29/2020 | Sara Gunderson | instructed assistant to follow up with defense counsel re scheduling the site inspection with Plaintiff's expert | 0.10 | $450.00 | $0.00 | FALSE | Expert |
| 77 | 1/29/2020 | Sara Gunderson | instructed assistant to contact expert Bishop to inquire re availability to conduct the site inspection prior to warehouse being open for business | 0.10 | $450.00 | $0.00 | FALSE | Expert |
| 78 | 1/29/2020 | Sara Gunderson | instructed assistant to further email defense counsel re available date for scheduling site inspection | 0.10 | $450.00 | $0.00 | FALSE | Site Visit |
| 79 | 2/3/2020 | Sara Gunderson | instructed assistant to follow up with defense counsel re scheduling the site inspection with Plaintiff's expert | 0.10 | $450.00 | $0.00 | FALSE | Site Visit |
| 80 | 2/5/2020 | Lusine Chinkezian | instructed assistant to email client re additional information/documents for drafting discovery responses | 0.10 | $400.00 | $0.00 | FALSE | Discovery |
| 81 | 2/7/2020 | Lusine Chinkezian | instructed assistant to email client re  further additional information/documents for drafting discovery responses | 0.10 | $400.00 | $0.00 | FALSE | Discovery |
| 82 | 2/7/2020 | Sara Gunderson | instructed assistant to serve site inspection notice and send a copy to expert Bishop for his records | 0.10 | $450.00 | $0.00 | FALSE | Expert |
| 83 | 2/7/2020 | Sara Gunderson | drafted site inspection notice | 0.20 | $450.00 | $90.00 | TRUE | Site Visit |
| 84 | 2/10/2020 | Lusine Chinkezian | instructed assistant to follow up with client re further additional information/documents for drafting discovery responses | 0.10 | $400.00 | $0.00 | FALSE | Discovery |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 85 | 2/11/2020 | Lusine Chinkezian | instructed assistant to follow up with client re further additional information/documents for drafting discovery responses via phone | 0.10 | $400.00 | $0.00 | FALSE | Discovery |
| 86 | 2/11/2020 | Lusine Chinkezian | reviewed email note from assistant along with additional information/responses from client for drafting discovery responses | 0.10 | $400.00 | $40.00 | TRUE | Discovery |
| 87 | 2/11/2020 | Robert Doyle | reviewed Notice of Plaintiff's Deposition served by defense counsel | 0.10 | $450.00 | $45.00 | TRUE | Deposition |
| 88 | 2/13/2020 | Ariel Vento | emailed defense counsel's assistant reminder regarding Defendant's Amended or Supplemental Initial Disclosures | 0.10 | $400.00 | $40.00 | TRUE | Discovery |
| 89 | 2/19/2020 | Brad Smith | instructed assistant to serve meet and confer letter re supplemental discovery responses, Stipulated Confidentiality and Protective order | 0.10 | $400.00 | $0.00 | FALSE | Discovery |
| 90 | 2/19/2020 | Brad Smith | drafted meet and confer letter re supplemental discovery responses, Stipulated Confidentiality and Protective order | 0.30 | $400.00 | $120.00 | TRUE | Discovery |
| 91 | 2/21/2020 | Matt Valenti | instructed assistant to notify client re deposition date and schedule | 0.10 | $400.00 | $0.00 | FALSE | Deposition |
| 92 | 2/24/2020 | Matt Valenti | instructed assistant to contact defense counsel's office re rescheduling plaintiff's deposition and provide alternate available dates | 0.10 | $400.00 | $0.00 | FALSE | Deposition |
| 93 | 2/24/2020 | Matt Valenti | instructed assistant to speak with client and inquire alternate available dates for scheduling deposition | 0.10 | $400.00 | $0.00 | FALSE | Deposition |
| 94 | 2/24/2020 | Lusine Chinkezian | instructed assistant to serve Plaintiff's discovery responses | 0.10 | $400.00 | $0.00 | FALSE | Discovery |
| 95 | 2/24/2020 | Lusine Chinkezian | drafted Plaintiff's discovery responses | 1.50 | $400.00 | $600.00 | TRUE | Discovery |
| 96 | 2/25/2020 | Matt Valenti | instructed assistant to further coordinate with defense counsel re location for scheduling Plaintiff's deposition | 0.10 | $400.00 | $0.00 | FALSE | Deposition |
| 97 | 2/25/2020 | Matt Valenti | reviewed email from defense counsel confirming alternate proposed date for rescheduling Plaintiff's deposition | 0.10 | $400.00 | $40.00 | TRUE | Deposition |
| 98 | 2/25/2020 | Matt Valenti | reviewed and responded to email from defense counsel re location for scheduling plaintiff's deposition | 0.10 | $400.00 | $40.00 | TRUE | Deposition |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 99 | 2/26/2020 | Matt Valenti | reviewed email from defense counsel re sending revised Notice of Deposition | 0.10 | $400.00 | $40.00 | TRUE | Deposition |
| 100 | 3/2/2020 | Matt Valenti | reviewed updated notice of Plaintiff's deposition sent by defense counsel's assistant | 0.10 | $400.00 | $40.00 | TRUE | Deposition |
| 101 | 3/3/2020 | Matt Valenti | instructed assistant to notify client re revised deposition date and schedule | 0.10 | $400.00 | $0.00 | FALSE | Deposition |
| 102 | 3/13/2020 | Matt Valenti | reviewed and responded to email from defense counsel inquiring re availability for a meet and confer on Plaintiff's Discovery Responses | 0.10 | $400.00 | $40.00 | TRUE | Discovery |
| 103 | 3/17/2020 | Brad Smith | prepared for and attended meet and confer with defense counsel re Plaintiff's Discovery Responses; notes to file | 1.00 | $400.00 | $400.00 | TRUE | Discovery |
| 104 | 3/18/2020 | Matt Valenti | reviewed and responded to email from law clerk to Judge re discovery dispute | 0.10 | $400.00 | $40.00 | TRUE | Discovery |
| 105 | 3/18/2020 | Brad Smith | reviewed email from defense counsel re Plaintiff's Discovery Responses | 0.10 | $400.00 | $40.00 | TRUE | Discovery |
| 106 | 3/18/2020 | Matt Valenti | reviewed Order setting telephonic discovery conference | 0.10 | $400.00 | $40.00 | TRUE | Discovery |
| 107 | 3/19/2020 | Sara Gunderson | reviewed email from defense counsel re cancellation of site inspection and rescheduling it to go along with Plaintiff's deposition | 0.10 | $400.00 | $40.00 | TRUE | Site Visit |
| 108 | 3/19/2020 | Sara Gunderson | instructed assistant to send reminder to defense counsel re proceeding with site inspection as noticed | 0.10 | $450.00 | $0.00 | FALSE | Site Visit |
| 109 | 3/20/2020 | Matt Valenti | reviewed minute order rescheduling Discovery Conference | 0.10 | $400.00 | $40.00 | TRUE | Scheduling Order |
| 110 | 3/24/2020 | Matt Valenti | reviewed Order following Telephonic Discovery Conference | 0.10 | $400.00 | $40.00 | TRUE | Scheduling Order |
| 111 | 3/24/2020 | Matt Valenti | reviewed minute order rescheduling Discovery Conference | 0.10 | $400.00 | $40.00 | TRUE | Scheduling Order |
| 112 | 3/26/2020 | Brad Smith | emailed defense counsel re update on providing Plaintiff's supplemental discovery responses | 0.10 | $400.00 | $40.00 | TRUE | Discovery |
| 113 | 3/30/2020 | Brad Smith | reviewed email from defense counsel seeking clarification re status of supplemental responses from Plaintiff | 0.10 | $400.00 | $40.00 | TRUE | Discovery |
| 114 | 3/30/2020 | Brad Smith | reviewed email from defense counsel seeking clarification re status of supplemental responses from Plaintiff | 0.10 | $400.00 | $40.00 | TRUE | Discovery |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 115 | 3/30/2020 | Brad Smith | reviewed defendant's Supplemental briefing re Discovery Dispute | 0.90 | $400.00 | $360.00 | TRUE | Discovery |
| 116 | 4/1/2020 | Brad Smith | emailed defense counsel clarifying earlier email re position to serve Plaintiff's supplemental discovery responses | 0.10 | $400.00 | $40.00 | TRUE | Discovery |
| 117 | 4/3/2020 | Brad Smith | emailed defense counsel re discovery issue related to surveillance video | 0.10 | $400.00 | $40.00 | TRUE | Discovery |
| 118 | 4/3/2020 | Brad Smith | instructed assistant to file Plaintiff's Supplemental briefing re Discovery Dispute | 0.10 | $400.00 | $0.00 | FALSE | Discovery |
| 119 | 4/3/2020 | Elliott Montgomery | drafted notice of appearance of counsel | 0.10 | $450.00 | $45.00 | TRUE | Process |
| 120 | 4/3/2020 | Elliott Montgomery | instructed assistant to file notice of appearance of counsel | 0.10 | $450.00 | $0.00 | FALSE | Process |
| 121 | 4/3/2020 | Brad Smith | drafted Plaintiff's Supplemental briefing re Discovery Dispute | 1.50 | $400.00 | $600.00 | TRUE | Discovery |
| 122 | 4/6/2020 | Brad Smith | reviewed email from defense counsel inquiring re availability to meet and confer re discovery issue related to surveillance video | 0.10 | $400.00 | $40.00 | TRUE | Discovery |
| 123 | 4/7/2020 | Brad Smith | emailed defense counsel re availability for meet and confer re discovery issue related to surveillance video | 0.10 | $400.00 | $40.00 | TRUE | Discovery |
| 124 | 4/14/2020 | Brad Smith | instructed assistant to file Joint Motion to Continue Pretrial Deadlines | 0.10 | $400.00 | $0.00 | FALSE | Process |
| 125 | 4/14/2020 | Matt Valenti | emailed defense counsel re settlement | 0.10 | $400.00 | $40.00 | TRUE | Settlement |
| 126 | 4/14/2020 | Russell Handy | instructed assistant to notify client re date for Mandatory Settlement Conference | 0.10 | $650.00 | $0.00 | FALSE | MSC |
| 127 | 4/14/2020 | Brad Smith | drafted Joint Motion to Continue Pretrial Deadlines | 0.30 | $400.00 | $120.00 | TRUE | Process |
| 128 | 4/17/2020 | Russell Handy | reviewed Order for Telephonic Appearance at Mandatory Settlement Conference | 0.10 | $650.00 | $65.00 | TRUE | MSC |
| 129 | 4/21/2020 | Sara Gunderson | instructed assistant to contact defense counsel re rescheduling site inspection | 0.10 | $450.00 | $0.00 | FALSE | Site Visit |
| 130 | 4/21/2020 | Sara Gunderson | instructed assistant to contact expert Bishop re his availability for rescheduling site inspection | 0.10 | $450.00 | $0.00 | FALSE | Site Visit |
| 131 | 4/21/2020 | Russell Handy | instructed assistant to notify client re Telephonic Appearance at Mandatory Settlement Conference | 0.10 | $650.00 | $0.00 | FALSE | MSC |
| 132 | 4/21/2020 | Russell Handy | reviewed Order denying joint motion to amend scheduling order | 0.10 | $650.00 | $65.00 | TRUE | Process |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 133 | 4/22/2020 | Matt Valenti | drafted Plaintiff's Settlement Conference Statement; submitted the same | 0.80 | $400.00 | $320.00 | TRUE | MSC |
| 134 | 4/23/2020 | Sara Gunderson | instructed assistant to serve Plaintiff's expert witness disclosures; compiled exhibits | 0.10 | $450.00 | $0.00 | FALSE | Expert |
| 135 | 4/23/2020 | Sara Gunderson | instructed assistant to contact expert Bishop and inquire earlier available date for rescheduling site inspection since the joint stipulation to continue deadlines was denied | 0.10 | $450.00 | $0.00 | FALSE | Site Visit |
| 136 | 4/23/2020 | Sara Gunderson | reviewed Defendant Costco Wholesale Corporation's Designation of Expert Witness | 0.10 | $450.00 | $45.00 | TRUE | Expert |
| 137 | 4/23/2020 | Sara Gunderson | instructed assistant to email defense counsel re rescheduling the continued site inspection for a date prior to expert disclosure deadline | 0.10 | $450.00 | $0.00 | FALSE | Site Visit |
| 138 | 4/23/2020 | Sara Gunderson | drafted Plaintiff's expert witness disclosures; compiled exhibits | 0.20 | $450.00 | $90.00 | TRUE | Expert |
| 139 | 4/23/2020 | Brad Smith | prepared for and attended telephonic discovery conference; notes to file | 0.80 | $400.00 | $320.00 | TRUE | Discovery |
| 140 | 4/27/2020 | Isabel Masanque | Instructed assistant to file Notice of Appearance of counsel | 0.10 | $500.00 | $0.00 | FALSE | Process |
| 141 | 4/27/2020 | Isabel Masanque | drafted Notice of Appearance of counsel | 0.10 | $500.00 | $50.00 | TRUE | Process |
| 142 | 4/28/2020 | Sara Gunderson | instructed assistant to follow up with defense counsel re scheduling site inspection | 0.10 | $450.00 | $0.00 | FALSE | Site Visit |
| 143 | 4/29/2020 | Russell Handy | reviewed Minute Entry for Settlement conference proceedings held before Magistrate Judge | 0.10 | $650.00 | $65.00 | TRUE | MSC |
| 144 | 4/29/2020 | Russell Handy | reviewed Minute Entry for Discovery Conference proceedings held before Magistrate Judge | 0.10 | $650.00 | $65.00 | TRUE | Discovery |
| 145 | 4/29/2020 | Isabel Masanque | prepared for and attended settlement conference; notes to file | 4.00 | $500.00 | $2,000.00 | TRUE | MSC |
| 146 | 4/30/2020 | Russell Handy | reviewed Order following telephonic discovery conference | 0.10 | $650.00 | $65.00 | TRUE | Discovery |
| 147 | 5/1/2020 | Sara Gunderson | instructed assistant to follow up with defense counsel re scheduling site inspection | 0.10 | $450.00 | $0.00 | FALSE | Site Visit |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 148 | 5/4/2020 | Brad Smith | instructed assistant to email defense counsel and propose available dates for rescheduling Plaintiff's deposition | 0.10 | $400.00 | $0.00 | FALSE | Deposition |
| 149 | 5/8/2020 | Russell Handy | reviewed Order setting guidelines for taking Plaintiff's deposition | 0.10 | $650.00 | $65.00 | TRUE | Deposition |
| 150 | 5/11/2020 | Isabel Masanque | reviewed Notice of Deposition sent by defense counsel | 0.10 | $500.00 | $50.00 | TRUE | Deposition |
| 151 | 5/12/2020 | Brad Smith | instructed assistant to serve Plaintiff's Amended responses to interrogatories propounded by defendant | 0.10 | $400.00 | $0.00 | FALSE | Discovery |
| 152 | 5/12/2020 | Brad Smith | drafted Plaintiff's Amended responses to interrogatories propounded by defendant | 0.50 | $400.00 | $200.00 | TRUE | Discovery |
| 153 | 5/13/2020 | Isabel Masanque | instructed assistant to notify Plaintiff re date and schedule for upcoming deposition | 0.10 | $500.00 | $0.00 | FALSE | Deposition |
| 154 | 5/14/2020 | Brad Smith | email communication with court Clerk and defense counsel re scheduling further discovery conference | 0.10 | $400.00 | $40.00 | TRUE | Discovery |
| 155 | 5/14/2020 | Russell Handy | reviewed Order scheduling discovery Video conference | 0.10 | $650.00 | $65.00 | TRUE | Discovery |
| 156 | 5/15/2020 | Isabel Masanque | instructed assistant to send reminder to Plaintiff re upcoming deposition | 0.10 | $500.00 | $0.00 | FALSE | Deposition |
| 157 | 5/19/2020 | Isabel Masanque | emailed defense counsel inquiring re platform Veritext will be using for the deposition | 0.10 | $500.00 | $50.00 | TRUE | Deposition |
| 158 | 5/19/2020 | Isabel Masanque | reviewed email from defense counsel to Veritext team re assistance for setting up Plaintiff's remote deposition and related information | 0.10 | $500.00 | $50.00 | TRUE | Deposition |
| 159 | 5/19/2020 | Russell Handy | reviewed Minute Entry for Discovery Conference proceedings held before Magistrate Judge | 0.10 | $650.00 | $65.00 | TRUE | Discovery |
| 160 | 5/19/2020 | Russell Handy | reviewed Order following discovery videoconference | 0.10 | $650.00 | $65.00 | TRUE | Discovery |
| 161 | 5/19/2020 | Brad Smith | prepared for and attended discovery conference; notes to file | 0.60 | $400.00 | $240.00 | TRUE | Discovery |
| 162 | 5/20/2020 | Isabel Masanque | emailed Veritext team member requesting assistance to set up Plaintiff's login for the Exhibit Share for scheduled zoom deposition | 0.10 | $500.00 | $50.00 | TRUE | Deposition |
| 163 | 5/20/2020 | Isabel Masanque | emailed defense counsel re the set up for Plaintiff's zoom deposition | 0.10 | $500.00 | $50.00 | TRUE | Deposition |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 164 | 5/21/2020 | Isabel Masanque | prepared for and attended Plaintiff's deposition; notes to file | 3.00 | $500.00 | $1,500.00 | TRUE | Deposition |
| 165 | 6/9/2020 | Isabel Masanque | instructed assistant to email copy of deposition transcript to Plaintiff for review | 0.10 | $500.00 | $0.00 | FALSE | Deposition |
| 166 | 6/9/2020 | Isabel Masanque | reviewed Plaintiff's deposition transcript along with exhibits | 0.50 | $500.00 | $250.00 | TRUE | Deposition |
| 167 | 7/24/2020 | Isabel Masanque | instructed assistant to file Plaintiff's motion for summary Judgment with corresponding documents along with Notice of Association of counsel | 0.10 | $500.00 | $0.00 | FALSE | MSJ |
| 168 | 7/24/2020 | Isabel Masanque | Drafted Notice of Appearance of Counsel | 0.10 | $500.00 | $50.00 | TRUE | Process |
| 169 | 7/24/2020 | Isabel Masanque | instructions to investigator to conduct re-investigation of subject property; reviewed re-investigation photos and report | 0.60 | $500.00 | $300.00 | TRUE | Investigation |
| 170 | 7/24/2020 | Isabel Masanque | reviewed Defendant's Motion for Summary Judgment and corresponding documents filed by defense counsel | 0.80 | $500.00 | $400.00 | TRUE | MSJ |
| 171 | 7/24/2020 | Isabel Masanque | drafted Plaintiff's motion for summary judgment; PNA; SUF; compiled corresponding exhibits | 5.50 | $500.00 | $2,750.00 | TRUE | MSJ |
| 172 | 7/30/2020 | Brad Smith | instructed assistant to serve Plaintiff's initial disclosures | 0.10 | $400.00 | $0.00 | FALSE | Discovery |
| 173 | 7/30/2020 | Brad Smith | drafted Plaintiff's supplemental disclosures | 0.20 | $400.00 | $80.00 | TRUE | Discovery |
| 174 | 8/10/2020 | Russell Handy | reviewed Order advancing hearing date on Plaintiff's motion for summary judgment | 0.10 | $650.00 | $65.00 | TRUE | MSJ |
| 175 | 8/17/2020 | Isabel Masanque | instructed assistant to file Plaintiff's opposition to defendant's motion for summary judgment | 0.10 | $500.00 | $0.00 | FALSE | MSJ |
| 176 | 8/17/2020 | Isabel Masanque | reviewed Defendant's response to Plaintiff's Motion for Summary Judgement and corresponding exhibits filed by defense counsel | 0.70 | $500.00 | $350.00 | TRUE | MSJ |
| 177 | 8/17/2020 | Isabel Masanque | drafted Plaintiff's opposition to Defendant's Motion for Summary Judgment | 2.00 | $500.00 | $1,000.00 | TRUE | MSJ |
| 178 | 8/24/2020 | Isabel Masanque | instructed assistant to file Plaintiff's reply brief in support of Motion for Summary Judgment | 0.10 | $500.00 | $0.00 | FALSE | MSJ |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 179 | 8/24/2020 | Isabel Masanque | reviewed Defendant's reply in support of its motion for Summary Judgment | 0.50 | $500.00 | $250.00 | TRUE | MSJ |
| 180 | 8/24/2020 | Isabel Masanque | drafted Plaintiff's reply Brief in support of Motion for Summary Judgment | 1.80 | $500.00 | $900.00 | TRUE | MSJ |
| 181 | 8/25/2020 | Russell Handy | reviewed minute order of recusal | 0.10 | $650.00 | $65.00 | TRUE | Process |
| 182 | 11/9/2020 | Russell Handy | reviewed Order Denying Plaintiff's Motion for Summary Judgment; and Denying Defendant Costco Wholesale Corporation's Motion for Summary Judgment | 0.40 | $650.00 | $260.00 | TRUE | MSJ |
| 183 | 12/2/2020 | Russell Handy | reviewed amended scheduling order regulating discovery and other pre-trial proceedings | 0.10 | $650.00 | $65.00 | TRUE | Process |
| 184 | 12/4/2020 | Ron Dacudao | Calendaring | 0.20 | $100.00 | $20.00 | TRUE | Process |
| 185 | 12/5/2020 | Janet Uy | Calendar: Tracker | 0.20 | $100.00 | $20.00 | TRUE | Process |
| 186 | 12/7/2020 | Russell Handy | instructed assistant to notify Plaintiff re date and time for upcoming Mandatory Settlement Conference and also inform the trial date | 0.10 | $650.00 | $0.00 | FALSE | MSC |
| 187 | 12/11/2020 | Janell Kelly | Review task re initiating contact w/defense counsel. Email defense counsel re scheduling of rule 16 pre-trial meeting. | 0.50 | $100.00 | $50.00 | TRUE | Pre-Trial |
| 188 | 12/14/2020 | Janell Kelly | Email(s) w/defense counsel re confirmation of pre-trial mtg of counsel M&C date; calendar confirmed date & time. | 0.50 | $100.00 | $50.00 | TRUE | Pre-Trial |
| 189 | 12/21/2020 | Janell Kelly | Review email from defense requesting M&C re upcoming SC. Email defense re scheduling M&C. | 0.40 | $100.00 | $40.00 | TRUE | Pre-Trial |
| 190 | 12/22/2020 | Brad Smith | instructed assistant to file joint status report | 0.10 | $400.00 | $0.00 | FALSE | Pre-Trial |
| 191 | 12/22/2020 | Russell Handy | reviewed Order vacating mandatory settlement conference | 0.10 | $650.00 | $65.00 | TRUE | Process |
| 192 | 12/22/2020 | Janell Kelly | Review & respond to in-office emails re scheduling issue pertaining to upcoming settlement conference and related deadlines. Find substitute Atty to handle matter(s). | 1.00 | $100.00 | $100.00 | TRUE | MSC |
| 193 | 12/22/2020 | Brad Smith | drafted joint status report; emailed to defense counsel for review | 0.30 | $400.00 | $120.00 | TRUE | MSC |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 194 | 12/22/2020 | Ray Ballister | review file materials, ICF. Pre-filing investigation report; annotate complaint, court orders to date; prepare for pre-settlement conference M&C; tele meet and confer with def atty re: same; emails to and from CDA staff re status of case for settlement conference; activity note to CDA staff re above.Info to FV Settlements re settlement discussion today | 0.70 | $600.00 | $420.00 | TRUE | MSC |
| 195 | 12/23/2020 | Janell Kelly | Review Order pertaining to upcoming Settlement Conference. Review DocketBird re status of upcoming SC; update calendar(s). | 0.50 | $100.00 | $50.00 | TRUE | MSC |
| 196 | 12/26/2020 | Russell Handy | instructed assistant to notify Plaintiff re court's order vacating Mandatory Settlement Conference date | 0.10 | $650.00 | $0.00 | FALSE | MSC |
| 197 | 1/11/2021 | Chris Seabock | instructed assistant to file notice of appearance of counsel along with PTD's and MCFL | 0.10 | $450.00 | $0.00 | FALSE | Process |
| 198 | 1/11/2021 | Chris Seabock | drafted notice of appearance of counsel | 0.20 | $450.00 | $90.00 | TRUE | Process |
| 199 | 1/11/2021 | Chris Seabock | reviewed defendants MCLF; notes to file | 0.80 | $450.00 | $360.00 | TRUE | MSC |
| 200 | 1/11/2021 | Chris Seabock | Prep PTDs and MCFL | 1.80 | $450.00 | $810.00 | TRUE | MSC |
| 201 | 1/18/2021 | James Boyd | instructed assistant to follow up with defense counsel re the rule 16 meet and confer | 0.10 | $550.00 | $0.00 | FALSE | Rule 16 |
| 202 | 1/19/2021 | James Boyd | email exchange with defense counsel re scheduling the rule 16 meet and confer | 0.10 | $550.00 | $55.00 | TRUE | Rule 16 |
| 203 | 1/20/2021 | James Boyd | instructed assistant to communicate with defense re rescheduling the rule 16 meet and confer | 0.10 | $550.00 | $0.00 | FALSE | Rule 16 |
| 204 | 1/20/2021 | Chris Seabock | r16 prep | 1.40 | $450.00 | $630.00 | TRUE | Rule 16 |
| 205 | 1/21/2021 | James Boyd | prepared for and attended the rule 16 meet and confer | 0.80 | $550.00 | $440.00 | TRUE | Rule 16 |
| 206 | 1/28/2021 | Chris Seabock | email exchange with defense counsel re draft PTCO | 0.10 | $450.00 | $45.00 | TRUE | Pre-Trial |
| 207 | 1/29/2021 | Chris Seabock | emails, pc negotiating ptco | 0.20 | $450.00 | $90.00 | TRUE | Pre-Trial |
| 208 | 2/1/2021 | Chris Seabock | instructed assistant to file the Joint Pretrial Conference Order | 0.10 | $450.00 | $0.00 | FALSE | Pre-Trial |
| 209 | 2/1/2021 | Chris Seabock | finalize ptco | 0.30 | $450.00 | $135.00 | TRUE | Pre-Trial |

|  | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 210 | 2/8/2021 | James Boyd | instructed assistant to contact court clerk re telephonic appearance at the pretrial hearing | 0.10 | $550.00 | $0.00 | FALSE | Pre-Trial |
| 211 | 2/12/2021 | James Boyd | reviewed minute entry for proceedings held at the pre trial hearing | 0.10 | $550.00 | $55.00 | TRUE | Pre-Trial |
| 212 | 2/12/2021 | James Boyd | prepared for and attended the pretrial hearing | 0.50 | $550.00 | $275.00 | TRUE | Pre-Trial |
| 213 | 2/16/2021 | Chris Seabock | reviewed the signed pre trial conference order by Judge | 0.10 | $450.00 | $45.00 | TRUE | Pre-Trial |
| 214 | 2/16/2021 | Chris Seabock | reviewed order re trial | 0.10 | $450.00 | $45.00 | TRUE | Pre-Trial |
| 215 | 2/17/2021 | Chris Seabock | email re continuance | 0.10 | $450.00 | $45.00 | TRUE | Pre-Trial |
| 216 | 2/22/2021 | Chris Seabock | instructed assistant to email/communicate with plaintiff and investigators to confirm their availability for the trial | 0.10 | $450.00 | $0.00 | FALSE | Process |
| 217 | 2/22/2021 | James Boyd | executed the joint motion to continue trial | 0.10 | $550.00 | $55.00 | TRUE | Process |
| 218 | 2/22/2021 | Chris Seabock | draft stip to continue | 0.30 | $450.00 | $135.00 | TRUE | Process |
| 219 | 2/22/2021 | Chris Seabock | draft stip to continue | 0.30 | $450.00 | $180.00 | TRUE | Process |
| 220 | 2/22/2021 | Chris Seabock | draft stip to continue | 0.50 | $450.00 | $225.00 | TRUE | Process |
| 221 | 2/23/2021 | James Boyd | instructed assistant to file notice of appearance of counsel | 0.10 | $550.00 | $0.00 | FALSE | Process |
| 222 | 2/23/2021 | James Boyd | drafted notice of appearance of counsel | 0.10 | $550.00 | $55.00 | TRUE | Process |
| 223 | 2/23/2021 | Chris Seabock | reviewed revised draft and consent to file the joint motion to continue trial from defense; instructed assistant to file | 0.10 | $550.00 | $55.00 | TRUE | Process |
| 224 | 3/2/2021 | Chris Seabock | reviewed order granting joint motion to continue trial | 0.10 | $450.00 | $45.00 | TRUE | Process |
| 225 | 3/3/2021 | Chris Seabock | instructed assistant to notify plaintiff and investigators re the trial date | 0.10 | $450.00 | $0.00 | FALSE | Process |
| 226 | 3/8/2021 | Ron Dacudao | Calendaring (Continued) | 0.10 | $100.00 | $10.00 | TRUE | Process |
| 227 | 6/9/2021 | Chris Seabock | instructed assistant to send reminder emails to plaintiff and investigators re the trial date | 0.10 | $450.00 | $0.00 | FALSE | Trial Prep |
| 228 | 6/11/2021 | Chris Seabock | email exchange with defense counsel re continuing the trial date | 0.10 | $450.00 | $45.00 | TRUE | Trial Prep |
| 229 | 6/11/2021 | Chris Seabock | instructed assistant to file documents re plaintiff's exparte motion to continue trial date | 0.10 | $450.00 | $0.00 | FALSE | Trial Prep |
| 230 | 6/11/2021 | James Boyd | reviewed and executed ex parte documents to continue the trial date | 0.20 | $550.00 | $110.00 | TRUE | Trial Prep |
| 231 | 6/11/2021 | Chris Seabock | draft ex parte to continue | 0.90 | $450.00 | $405.00 | TRUE | Trial Prep |
| 232 | 6/14/2021 | Chris Seabock | reviewed notice re trial status hearing | 0.10 | $450.00 | $45.00 | TRUE | Trial Prep |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 233 | 6/14/2021 | Chris Seaback | reviewed order continuing trial date | 0.10 | $450.00 | $45.00 | TRUE | Trial Prep |
| 234 | 6/14/2021 | Chris Seaback | email response re continuance | 0.10 | $450.00 | $45.00 | TRUE | Trial Prep |
| 235 | 6/15/2021 | Chris Seaback | email exchange with investigator re trial date | 0.10 | $450.00 | $45.00 | TRUE | Trial Prep |
| 236 | 6/15/2021 | Chris Seaback | reviewed Request to Appear Pro Hac Vice filed by defense | 0.10 | $450.00 | $45.00 | TRUE | Trial Prep |
| 237 | 6/15/2021 | Chris Seaback | instructed assistant to notify plaintiff and investigators re the trial date | 0.10 | $450.00 | $0.00 | FALSE | Trial Prep |
| 238 | 6/15/2021 | Chris Seaback | reviewed minute entry for proceeding held at the telephonic trial status conference | 0.10 | $450.00 | $45.00 | TRUE | Trial Prep |
| 239 | 6/15/2021 | Ray Ballister | prepared for and attended the telephonic trial status conference | 0.50 | $600.00 | $300.00 | TRUE | Trial Prep |
| 240 | 6/15/2021 | Chris Seaback | draft trial brief | 0.80 | $450.00 | $360.00 | TRUE | Trial Brief |
| 241 | 6/16/2021 | Chris Seaback | reviewed order approving defense counsel's Request to Appear Pro Hac Vice | 0.10 | $450.00 | $45.00 | TRUE | Process |
| 242 | 6/16/2021 | Chris Seaback | trial brief | 1.10 | $450.00 | $495.00 | TRUE | Trial Brief |
| 243 | 6/17/2021 | Janell Kelly | Prepare trial binder and exhibit binders for overnight shipment to Pltf's Atty. | 2.50 | $100.00 | $250.00 | TRUE | Trial Brief |
| 244 | 6/17/2021 | Chris Seaback | draft ffcl | 1.10 | $450.00 | $495.00 | TRUE | Trial Prep |
| 245 | 6/18/2021 | Janell Kelly | Send reminder email to witnesses and Pltf's Atty re upcoming trial. Text Pltf's Atty re urgent client request. | 0.40 | $100.00 | $40.00 | TRUE | Trial Prep |
| 246 | 6/18/2021 | James Boyd | reviewed email from plaintiff re trial | 0.10 | $550.00 | $55.00 | TRUE | Trial Prep |
| 247 | 6/21/2021 | James Boyd | prepared for and attended the bench trial | 5.00 | $550.00 | $2,750.00 | TRUE | Trial |
| 248 | 6/22/2021 | Chris Seaback | reviewed defendant's exhibit list | 0.10 | $450.00 | $45.00 | TRUE | Trial Prep |
| 249 | 7/7/2021 | Chris Seaback | reviewed clerk's judgement in favor of plaintiff | 0.10 | $450.00 | $45.00 | TRUE | Judgment |
| 250 | 7/7/2021 | Chris Seaback | emailed plaintiff re the judgement | 0.10 | $450.00 | $45.00 | TRUE | Judgment |
| 251 | 7/7/2021 | Chris Seaback | reviewed findings of fact and conclusions of law | 0.30 | $450.00 | $135.00 | TRUE | Judgment |
| 252 | 7/8/2021 | Chris Seaback | instructed assistant to submit the Case Resolution Reporting Form | 0.10 | $450.00 | $0.00 | FALSE | Process |
| 253 | 7/12/2021 | Dennis Price | email to counsel re: fee motion. | 0.10 | $550.00 | $55.00 | TRUE | Fees |
| 254 | 7/15/2021 | Chris Seaback | reviewed email from defense requesting for plaintiff's W9 form | 0.10 | $450.00 | $45.00 | TRUE | Process |
| 255 | 7/15/2021 | Dennis Price | email to dc re: fee motion. | 0.10 | $550.00 | $55.00 | TRUE | Fees |
| 256 | 7/15/2021 | Dennis Price | reviewing local and chamber rules for ex parte rules. | 0.20 | $550.00 | $110.00 | TRUE | Fees |
| 257 | 7/15/2021 | Dennis Price | ex parte application, cont. | 0.50 | $550.00 | $275.00 | TRUE | Fees |
| 258 | 7/15/2021 | Dennis Price | ex parte application | 0.70 | $550.00 | $385.00 | TRUE | Fees |
| 259 | 7/16/2021 | Gaurav Bapat | ECF Calendaring | 0.10 | $100.00 | $10.00 | TRUE | Fees |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 260 | 7/17/2021 | Dennis Price | reviewed ex parte response | 0.70 | $550.00 | $385.00 | TRUE | Fees |
| 261 | 7/17/2021 | Dennis Price | drafted the plaintiff's fee motion with supporting paperwork (**estimated**) | 8.00 | $550.00 | $4,400.00 | TRUE | Fees |
| 262 | 7/19/2021 | Dennis Price | preparing billing statement for Knapton | 0.00 | $0.00 | $0.00 | FALSE | Fees |
| 263 | 7/19/2021 | Dennis Price | prepared billing; removed items that could be taken as duplicative or unreasonable; redacted as appropriate | 0.50 | $550.00 | $275.00 | TRUE | Fees |
| 264 | Totals → | | | 101.00 | | $43,025.00 | | |
| 265 | | | | | | | | |
| 266 | | | | | | | | |
| 267 | | | | 101 | | $43,025.00 | | |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | Date | Type | Unit | Per | Charge | Billable? |
| 2 | 7/16/2021 | Trial binder shipment | 1.00 | $26.63 | $26.63 | TRUE |
| 3 | 7/16/2021 | Trial copies | 1.00 | $55.24 | $55.24 | TRUE |
| 4 | 7/16/2021 | Expert Fee | 1.00 | $477.30 | $477.30 | TRUE |
| 5 | 7/17/2021 | Service Cost | 1.00 | $30.00 | $30.00 | TRUE |
| 6 | 7/17/2021 | Investigator Fees | 1.00 | $200.00 | $200.00 | TRUE |
| 7 | 7/17/2021 | Filing Fees | 1.00 | $400.00 | $400.00 | TRUE |
| 8 | Total | | | | $1,189.17 | |