UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT SCHUTZA,<br><br>                         Plaintiff,<br>v.<br><br>COSTCO WHOLESALE CORPORATION, a Washington Corporation; AND DOES 1-10,<br><br>                        Defendants. | Case No.: 19-CV-00990 DMS (WVG)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND LITIGATION COSTS** |

Before the Court is Plaintiff Scott Schutza's motion for attorney's fees and litigation costs. The matter is fully briefed and submitted. For the reasons set forth below, Plaintiff's motion is granted in part and denied in part.

## I.

## BACKGROUND

Plaintiff, who uses a wheelchair, brought this case against Defendant following his experiences at the Costco customer service desk in Santee, California. (ECF No. 1.) Plaintiff filed his Complaint on May 27, 2019, alleging one claim for violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, and one claim for violation of the California Unruh Civil Rights Act (the "Unruh Act"), Cal. Civ.

Code §§ 51–53. (*Id.*) Plaintiff alleged Defendant discriminated against him on the basis of disability by failing to provide a lowered counter for membership services and failing to modify a policy, practice, or procedure to accommodate his disability. (*Id.*)

The case was tried to the Court on June 21, 2021. (ECF No. 71.) Judgment was in favor of Plaintiff, who was awarded injunctive relief and $4,000 in damages, with the option to file a separate motion for attorney's fees and costs. (ECF No. 72.) Plaintiff filed a motion to continue the fee motion cutoff (ECF No. 73), which Defendant opposed (ECF No. 74), and the Court ultimately granted. (ECF No. 75.) Plaintiff filed the instant motion for attorney's fees and costs on July 26, 2021. (ECF No. 76.) Defendant filed a response (ECF No. 77), and Plaintiff filed a reply. (ECF No. 78.)

## II.

## DISCUSSION

### A. Attorney's Fees

Both the ADA and the Unruh Act allow courts discretion to award attorney's fees to a prevailing plaintiff. 42 U.S.C. § 12205 (allowing for "a reasonable attorney's fee, including litigation expenses, and costs"); Cal. Civ. Code § 52.1(i) ("the court may award the petitioner or plaintiff reasonable attorney's fees."). "District courts must calculate awards for attorneys' fees using the 'lodestar' method." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). The lodestar method looks to "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), *abrogated on other grounds by Tex. State Teachers Ass'n. v. Garland Indep. Sch. Dist.*, 489 U.S. 782 (1989). The party seeking fees must submit evidence supporting the hours worked and rates claimed. *Id.* "[A] court may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation of the lodestar" in rare cases, where supported by specific evidence. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). The "district court has a great deal of discretion in determining the reasonableness of the fee." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (internal quotation omitted).

Here, Plaintiff submitted the following rates and hours to arrive at a lodestar calculation of $39,980.00 for 87.9 hours of work,[1] at hourly rates ranging from $450–$650. (ECF No. 76-1 at 27; ECF No. 76-5.). Plaintiff's counsel are all from the firm Center for Disability Access, which is affiliated with Potter Handy. (*See* ECF No. 76.)

| Attorney | Total Hours Worked | Requested Hourly Rate | Requested Total |
|---|---|---|---|
| Russell Handy | 6.3 | $650 | $4,095 |
| James Boyd | 7 | $550 | $3,850 |
| Dennis Price | 9.2 | $550 | $5,060 |
| Isabel Masanque | 20.1 | $500 | $10,050 |
| Christopher Seabock | 12 | $450 | $5,400 |
| Matt Valenti | 13.5 | $400 | $5,400 |
| Robert Doyle | 4.1 | $450 | $1,845 |
| Bradley Smith | 7.7 | $400 | $3,000 |
| Lusine Chinkezian | 1.6 | $400 | $640 |
| Paralegal work | 6.4 | $100 | $640 |
|  |  | **TOTAL** | **$39,980** |

Plaintiff seeks the application of a 1.5x lodestar multiplier. (ECF No. 76-1 at 27.) Defendant challenges the hourly rates sought, the hours expended, and the application of a

---

[1] The Knapton Declaration listed a total of 88.2 billable hours and $41,400 (ECF No. 76-5 at 12), but the time entries Mr. Knapton included and reviewed were different from those submitted in Plaintiff's counsel's ultimate billing report at ECF No. 76-4, which listed a total of 87.9 hours. That results in a lodestar calculation of $39,980.00, as shown in the table above, instead of the $39,985.00 listed in Plaintiff's memorandum of points and authorities. (ECF No. 76-1 at 27.)

lodestar multiplier. Plaintiff's counsel also seeks to recover fees for time replying to Defendant's opposition: 5.1 hours spent by Mr. Handy and 2 hours by Ms. Masanque totaling $3,805. (ECF No. 78-2.)

### 1. Reasonable Hourly Rates

A reasonable hourly rate is the rate prevailing in the community for similar work. *See Gonzales v. City of Maywood*, 729 F.3d 1196, 1200 (9th Cir. 2013) ("[T]he court must compute the fee award using an hourly rate that is based on the prevailing market in the relevant community."). The prevailing market rate for attorneys of comparable experience, skill, and reputation controls this determination; however, "[t]hat a lawyer charges a particular hourly rate, and gets it, is evidence bearing on what the market rate is, because the lawyer and his clients are part of the market." *Carson v. Billings Police Dep't*, 470 F.3d 889, 892 (9th Cir. 2006). "If the party seeking attorneys' fees fails to meet its burden, the court may exercise discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing rates in the community." *Arias v. Ford Motor Co.*, Case No. CV-18-1928 PSG (SPx), 2020 WL 1940843, at *3 (C.D. Cal. Jan. 27, 2020).

Here, Plaintiff's counsel seeks hourly rates between $450 and $650. (ECF No. 76-4.) To justify these rates, Plaintiff filed supporting declarations from Dennis Price and James Boyd, a partner and attorney, respectively, at Plaintiff's counsel's firm Center for Disability Access. (ECF Nos. 76-3, 76-9.) Plaintiff also filed an expert report from attorney's fees expert Gerald Knapton in support of the current rates sought. (ECF No. 76-5.)

Defendant argues that the hourly rates sought by Plaintiff's counsel are not reasonable, noting that they exceed what other attorneys receive in this District—the relevant community—in ADA cases, and what counsel has received previously in this District in similar cases. (ECF No. 77 at 8–11). Defendant requests the hourly rates be adjusted to rates ranging from $225 to $425.

       The fees awarded in recent cases in this district[2] are a crucial guidepost.  In prior cases, the fees awarded were generally well below the rates sought by counsel here.  *See, e.g.*, *Cartwright v. Patel*, No. 18CV2191-L-BGS, 2020 WL 6271056, at *2 (S.D. Cal. Oct. 25, 2020) (finding $397 to be a reasonable average hourly rate for attorneys from Potter Handy and another law firm).  Most instructive is a case from June 2020, where the court awarded Russell Handy $425 per hour and Dennis Price $350 per hour.  *Langer v. Ocios LLC*, No. 19-CV-115 JLS (LL), 2020 WL 3433087, at *6 (S.D. Cal. June 23, 2020).

       The Court is mindful that the Ninth Circuit has directed that, "The district court's function is to award fees that reflect economic conditions in the district; it is not to 'hold the line' at a particular rate."  *Moreno v. City of Sacramento*, 534 F.3d 1106, 1115 (9th Cir. 2008).  However, an hourly rate jump of $200 for Mr. Price and $225 for Mr. Handy between June 2020 (when judgment was entered in *Langer*) and July 2021 (when the subject motion was filed), is not supported by any evidence from Plaintiff's counsel.  *Compare Whitaker v. Joe's Jeans Inc.*, No. 21-CV-00597-CRB, 2021 WL 2590155, at *5 (N.D. Cal. June 24, 2021) (finding counsel from Potter Handy had "provide[d] no rationale for the higher requested hourly rates" they sought beyond citing dissimilar cases in the district, and therefore adjusting rates downward accordingly).  Thus, awarding rates that are slightly above some other recent rates afforded to Plaintiff's counsel, but lower than their initial request, is well within the discretion of this Court.  *See Arias v. Ford Motor Co.*, Case No. CV 18-1928 PSG (SPx), 2020 WL 1940843, at *3 (C.D. Cal. Jan. 27, 2020) ("If the party seeking attorneys' fees fails to meet its burden, the court may exercise

---

[2] While not dispositive, that similar rates were also awarded in district courts elsewhere in California is instructive.  *See, e.g.*, *Johnson v. Shahkarami*, No. 5:20-CV-07263-BLF, 2021 WL 1530940, at *9 (N.D. Cal. Apr. 19, 2021) (awarding Mr. Handy $475 per hour and Mr. Seabock $350 per hour in a case about an accessible sales counter under the ADA and Unruh Act).

discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing rates in the community."). Plaintiff's counsel's rates are thus adjusted as follows.

### a. Russell Handy and James Boyd

While these attorneys' many years of experience is noted, the high rates they seek are not consistent with those previously awarded in this District, nor are they otherwise supported on alternative grounds by Plaintiff. Accordingly, the rates are adjusted to $525 for Russell Handy and $500 for James Boyd.

### b. Dennis Price, Isabel Masanque, and Christopher Seabock

These attorneys have moderate years of experience, but again seek rates in this case beyond what has been awarded to them, or attorneys of similar experience, in this District previously. Ms. Masanque's requested rate is notably higher than that of attorneys with years more experience. (*See* ECF No. 76-5 at 25.) As such, the rates are adjusted to $475 for Dennis Price, $450 for Isabel Masanque, and $400 for Christopher Seabock.

The other rates requested—for Matt Valenti, Robert Doyle, Bradley Smith, Lusine Chinkezian, and Paralegal Staff—are in line with rates in this District and are not adjusted by the Court.

### 2. Reasonable Hours Spent

Defendant argues that many of the hours spent by Plaintiff's counsel were not reasonable, quibbling with numerous entries as being too simple or administrative in nature to be performed by associate or senior attorneys, and objecting to Plaintiff's counsel's staffing strategy generally. (ECF No. 77 at 11, 17–19; *see generally* ECF No. 77-1.) While there are somewhat few hours requested for legal writing and analysis as compared to more routine tasks, it is not a court's job to second-guess each hour spent on a case. "The district court's inquiry must be limited to determining whether the fees requested by this particular legal team are justified for the particular work performed and the results achieved in this particular case. The court … may not attempt to impose its own judgment regarding the best way to operate a law firm, nor to determine if different staffing decisions might have

led to different fee requests." *Moreno*, 534 F.3d at 1115. This is especially true where Plaintiff's counsel seeks fees for just above 90 hours of work for a case that went through trial, with approximately 77 of those hours devoted to the merits of the case. (ECF No. 76-2.) The additional time spent replying to Defendant's opposition, at 7.1 hours, is also reasonable. (ECF No. 78-2.) In short, "The court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Id.* at 1112.

      a.  Recreated time records

Defendant also argues that many of the hours spent by Plaintiff's counsel are unreasonable as they were not recorded contemporaneously. (ECF No. 77 at 12–13.) Plaintiff's counsel concedes that they did not keep contemporaneous time records until November 2020. (ECF No. 76-3 at 3.) The time spent on this case prior to contemporaneous recording was recreated by Plaintiff's counsel by reference to the case file. (ECF No. 78 at 13.)

The Ninth Circuit has held that contemporaneous records are not "absolutely necessary," and fee requests can "be based on reconstructed records developed by reference to litigation files." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000). *See also Gonzales v. Arrow Fin. Servs. LLC*, No. 05-CV-0171-JAH (RBB), 2009 WL 10672223, at *5 (S.D. Cal. May 18, 2009) (noting partially reconstructed time entries can be allowable and relying on such entries in awarding fees does not amount to an abuse of discretion by the district court). However, "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433.

Here, the reconstructed records and the fee amounts they support are reasonable. Indeed, in an exercise of billing judgment, Plaintiff's counsel already reduced the total hours sought from over 100 to under 90, prior to filing the instant motion. (ECF No. 76-1 at 17.) This represents a reduction of over 10%, which approximates the reduction the Court would be inclined to make to address the adequacy of documentation. Further, Plaintiff's counsel notes that recreating time entries from the case file generally resulted in

"significant underbilling," which the Court finds persuasive given the relatively low total number of hours sought in this case. (ECF No. 78 at 13.) A total of under 90 hours is very efficient for a fully litigated case, especially one that was tried to judgment, and does not suggest that Plaintiff's counsel is seeking payment for more hours than they worked. Thus, the Court is not convinced that a further reduction in the total hours spent is necessary based on the recreated billing.

### b. Time related to expert report

Finally, Defendant argues that no hours for work related to the expert report should be included as compensable time. (ECF No. 77 at 27.) As discussed further *supra*, the Court does not find that the expert report was reasonable or necessary to Plaintiff's fee request. As such, the Court agrees that hours spent by Plaintiff's counsel related to the expert report are not recoverable. The entries related to the fee report[3] total 1.2 hours spent by Dennis Price. (ECF No. 76-4 at 17.)

"If opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut." *Moreno*, 534 F.3d at 1116. Here, the Court finds it appropriate to reduce some hourly rates and deny hours related to the expert report, but otherwise finds Plaintiff's counsel entitled to the fees they have requested.

After adjustments to the hourly rates, removing the 1.2 attorney hours spent by Dennis Price related to the expert report, and adding the time spent on Plaintiff's reply to the instant motion, the total lodestar is $39,300.50 for 93.8 hours of work:

/ / /
/ / /
/ / /
/ / /

---

[3] Based on entries time entries for 0.1, 0.4, 0.3, and 0.4 hours. (ECF No. 76-4 at 17.)

| Attorney | Adjusted Hours Worked | Adjusted Hourly Rate | Adjusted Total |
|---|---|---|---|
| Russell Handy | 6.3 | $525 | $3,308 |
| James Boyd | 7 | $500 | $3,500 |
| Dennis Price | 8 | $475 | $3800 |
| Isabel Masanque | 20.1 | $450 | $9,045 |
| Christopher Seabock | 12 | $400 | $4,800 |
| Matt Valenti | 13.5 | $400 | $5,400 |
| Robert Doyle | 4.1 | $450 | $1,845 |
| Bradley Smith | 7.7 | $400 | $3,000 |
| Lusine Chinkezian | 1.6 | $400 | $640 |
| Paralegal work | 6.4 | $100 | $640 |
| Dennis Price—reply | 5.1 | $475 | $2,422.50 |
| Isabel Masanque—reply | 2 | $450 | $900 |
| | | **TOTAL** | **$39,300.50** |

3. Lodestar Multiplier

The lodestar is presumptively the reasonable fee amount, though courts may adjust this amount using a multiplier, based on specific evidence of rare circumstances not already considered in the initial lodestar calculation. *Van Gerwen*, 214 F.3d at 1045. Here, Plaintiff seeks a 1.5 multiplier based on risk of non-payment because of the specific risk in ADA litigation that voluntary cessation will moot the case and preclude the awarding of attorney's fees. (ECF No. 76-1 at 23–24.) Defendant contests generally that taking cases on a contingency basis alone is insufficient to warrant a lodestar multiplier, while failing to engage Plaintiff's specific arguments. (ECF No. 77 at 23–24.) However, the risk of mootness is a concern for this type of ADA claim, especially one with costs of litigating through trial. Thus, the Court finds that a more reasonable multiplier of 1.2 is appropriate

in this case, given its inherent risk. Applying a 1.2 multiplier to the initial lodestar of $39,300 yields a total of $47,160.60 in attorney's fees.

### B. Costs

Plaintiff seeks to recover numerous costs, with Defendant objecting only to the expenses for the expert attorney's fees report and the cost of service. (ECF No. 77.)

1. Expert report

Plaintiff seeks to recover $14,534 for an expert fee report, prepared by Mr. Knapton. (ECF No. 76-1 at 26; *see* ECF No. 76-5.) Defendant argues that Plaintiff's fee expert opinion was unnecessary, as Plaintiff's counsel are familiar with rates in this District as experienced ADA counsel, had recent fee awards in this District, and the report represents a significant cost for a case with a relatively small attorney's fee award. (ECF No. 77 at 24–26.). The Court agrees that this report was not a reasonable litigation cost.

Such fee reports are often not necessary nor reasonable costs, and "Indeed, such 'expert' opinions have been given little weight by other courts." *See Whitaker v. Joe's Jeans Inc.*, 2021 U.S. Dist. LEXIS 118212, at *11 (N.D. Cal. June 24, 2021) (collecting cases criticizing the use of fee experts in a case involving Potter Handy); *see also Perez v. Cozen & O'Connor Group Long Term Disability Coverage*, 2007 U.S. Dist. LEXIS 53996, at *7–8 (S.D. Cal. Mar. 27, 2007). While the Real Rate Report ("RRR") is a helpful metric in some cases, retaining an expert to opine generally on fee rates often provides little value given that "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *Gonzales v. Arrow Fin. Servs. LLC*, No. 05-CV-0171-JAH (RBB), 2009 WL 10672223, at *6 (S.D. Cal. May 18, 2009) (citing *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)). This is especially true here, as Mr. Knapton primarily relies on the RRR without much additional analysis. Further, Mr. Knapton's report relies on the RRR rates for Title I ADA employment claims, rather that Title III ADA public accommodations claims, such as the one at issue here. (ECF No. 76-5 at 28–29.) The

litigation involved in these two types of claims are distinct and do not automatically translate to the same billing rates, thus reducing the utility of the report.

The Court further agrees with Defendants that, to the extent the report was obtained to determine appropriate billing rates in this District generally, it is more appropriately regarded as part of Plaintiff's counsel's overhead, rather than a cost related to the instant case. (*See* ECF No. 77 at 27.) As it is not a reasonably necessary expense, Plaintiff is not entitled to recover the cost of the expert fee report.

2. Service cost

Defendants argue that because Plaintiff did not request a waiver of service, he cannot now recover the cost of service. (ECF No. 77 at 30.) While waiver of service can be advantageous, it is not required, and Defendant offers no controlling authority for its proposition. Fed.R.Civ.P. 4(d) (stating a plaintiff *may* request waiver of service). Plaintiff is entitled to the reasonable $30 cost of service.

In an exhibit to its reply, Defendant submits that all other expenses, totaling $1,159.17, are not in dispute. (ECF No. 77-2.) As such, Plaintiff is entitled to recover $1,189.17 in reasonable costs.

## III.
## CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff is awarded $47,160.60 in attorney's fees and $1,189.17 in costs.

**IT IS SO ORDERED.**

Dated: March 29, 2022

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court